PEOPLE *v.* MUSHLOCK.

SEARCHES AND SEIZURES — INTOXICATING LIQUORS — AFFIDAVITS —
CAUSE TWENTY DAYS OLD TOO REMOTE TO AUTHORIZE WARRANT.
A statement in an affidavit for the issuance of a search
warrant that affiant purchased one drink of moonshine
whisky in the place sought to be searched 20 days before
the making of the affidavit, *held*, insufficient to authorize
the issuing of a warrant; the cause being too remote.

Exceptions before judgment from Cheboygan; Shepherd (Frank), J.    Submitted January 18, 1924.
(Docket No. 145.)    Decided April 10, 1924.

John Mushlock was convicted of violating the liquor
law.    Reversed, and defendant discharged.

*Collins & Thompson*, for appellant.

*Ward I. Waller*, Prosecuting Attorney, for the
people.

MOORE, J.    The defendant was convicted of having
in his possession two two-quart cans of moonshine
whisky.    The case is before us on exceptions before
sentence.

We quote from the brief of the appellant:

"There are a number of assignments of error, but
together they raise only two questions:

"*First:* Was the affidavit for the search warrant
sufficient to permit the issuance of a search warrant?·

"*Second:* Should the court have directed a verdict
in favor of the defendant in accordance with the motion
made by counsel for the defense, or in other words,
was there sufficient evidence to go to the jury upon
the question of whether or not the defendant had
illegal possession of intoxicating liquor."

On constitutional guaranty against unreasonable search and
seizure as applied to search and seizure of intoxicating liquors,
see notes in 3 A. L. R. 1514; 13 A. L. R. 1316.

To decide whether the first contention of counsel is well taken we must consider the affidavit. It is in part as follows:

"The affidavit and complaint on oath and in writing of Hugh Withrow of the township of Beaugrand, said county and State, taken and made before me, M. W. King, a justice of the peace of the city of Cheboygan, in said county, upon the 20th day of March, A. D. 1923, who being by me duly sworn, says that on the first floor of the premises situated, known and numbered as No. 326 North Main street in the city of Cheboygan, county of Cheboygan, State of Michigan, which said premises are occupied by one John Mushlock as a soft drink parlor and hotel, and not as a· drug store nor a private dwelling house occupied as such, * * * certain vinous, malt, brewed, fermented, spirituous and intoxicating liquors, to-wit: Moonshine whisky and home brew beer are being possessed for the purpose of being sold, furnished or given away as a beverage, contrary to the provisions of Act No. 338 of the Public Acts of the State of Michigan for the year 1917, as amended, and that he, the said affiant, believes and has good cause to believe that such liquor is now there concealed upon the premises above described; and that there are also now concealed on said premises there certain implements and furniture used and kept for such illegal keeping, selling, furnishing, giving away, and storing of such liquors, to-wit: Bottles, glasses, jugs, crocks, mugs, tumblers and other glass and earthenware containers, and that the grounds of his said belief are as follows: On February 28, 1923, I purchased one drink of moonshine whisky at above described place of John Mushlock's from a man tending bar, and paid him twenty-five cents for said drink and drank it at the bar."

It is the claim that, as Mr. Withrow bought his liquor 20 days before the search warrant was issued, the search warrant is invalid.

The circuit judge in passing upon the question expressed himself as follows:

"*The Court:* It might have been true that the magistrate ought not to have found as he did, but this is a

question for the magistrate to pass upon. I think there was some evidence to pass upon; it may have been very slight. The fact that Withrow was there three weeks before and that there was liquor being sold there—it may have been very slight, but there is some evidence that he passed upon it. I think that constituted such evidence as entitled him to pass upon it, and having passed upon it I do not think this court can review it, or any other court. The motion is denied."

Counsel do not cite any authority directly in point. There is no hard and fast rule as to how much time may intervene between the obtaining of the facts and the making of the affidavit upon which the search warrant is based, but it may be stated that the time should not be remote. This question was considered in the opinion filed March 5, 1924, in the case of *People* v. *Chippewa Circuit Judge, ante,* 326. We think that case is controlling of the instant case, and that the search warrant was improvidently issued.

It follows that the conviction must be set aside and the defendant discharged.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.