## PEOPLE v GILLAM

Docket No. 78-3423. Submitted September 4, 1979, at Detroit.—Decided November 6, 1979.

Vincent P. Gillam was convicted in Recorder's Court of Detroit of delivery of heroin, Robert L. Evans, J. The defendant appeals, alleging that 1) the prosecution failed to produce certain res gestae witnesses, and 2) a search warrant obtained and executed seven days after the delivery at issue was based on stale information. *Held:*

1. The defendant presumably knew the identity of the res gestae witnesses in question but failed to disclose this information to the prosecution or to move for the production of the witnesses during trial. The prosecutor's failure to produce was, at most, harmless error. Reversal on this basis is unnecessary.

2. The defendant waived his right to challenge the validity of the search warrant. Assuming, arguendo, that the issue has been preserved for appeal, the warrant was not stale. Although there were seven days between the time that the police were originally informed and the time of the issuance of the warrant, there was corroborative information obtained just 24 hours before the warrant's issuance.

Affirmed.

1. WITNESSES — RES GESTAE WITNESSES — CRIMINAL LAW — ENDORSEMENT OF WITNESSES — PRODUCTION OF WITNESSES — STATUTES.

Persons present at the scene of a crime are presumed to be res

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 723, 724.

81 Am Jur 2d, Witnesses § 74.

Admissibility in criminal case, as part of res gestae, of statements or utterances of bystanders made at time of arrest. 78 ALR2d 300.

[2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

58 Am Jur 2d, New Trial § 41.

[3] 41 Am Jur 2d, Indictments and Information §§ 56, 60.

[4-6] 68 Am Jur 2d, Searches and Seizures § 70.

Search warrant: sufficiency of showing as to time of occurrence of facts relied on. 100 ALR2d 525.

gestae witnesses able to testify regarding their observations; prosecutors are required to endorse on the information the names of all such persons and to produce these witnesses at trial (MCL 767.40; MSA 28.980).

2. WITNESSES — RES GESTAE WITNESSES — CRIMINAL LAW — FAILURE TO ENDORSE — FAILURE TO PRODUCE — MOTIONS.

It is a defendant's responsibility to move for a hearing during trial or for a new trial prior to seeking appellate review where a prosecutor has not fulfilled the requirement of endorsing and producing res gestae witnesses.

3. WITNESSES — RES GESTAE WITNESSES — CRIMINAL LAW — FAILURE TO ENDORSE — FAILURE TO PRODUCE.

The prosecution is excused from endorsing and producing a res gestae witness where (1) the identity of the res gestae witness is made known to a defendant during or before trial, (2) the defendant does not move for endorsement or production of the witness and (3) the prosecution was previously unaware of the identity of the res gestae witness.

4. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — STALE INFORMATION.

A search warrant may be quashed where it is based on outdated probable cause.

5. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — STALE INFORMATION.

Probable cause supporting a search warrant must exist at the time the warrant is issued; the lapse of time between circumstances underlying a warrant and the execution of the warrant does not automatically indicate staleness.

6. SEARCHES AND SEIZURES — SEARCH WARRANTS — STALE INFORMATION — PROBABLE CAUSE.

The measure of a search warrant's staleness rests not on whether there is recent factual information to confirm that a crime is being committed, but whether probable cause is sufficiently fresh to allow one to presume that the items sought remain on the premises.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. Defendant was charged with and convicted of unlawful delivery of a controlled substance, heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and sentenced to 1 year in prison. Defendant's motion for a new trial, based on the same issues raised here, was denied on August 14, 1978. He appeals as of right, claiming (1) that the prosecutor failed to produce res gestae witnesses and (2) that a search warrant obtained and executed seven days after the delivery at issue was based on stale information.

Persons present at the scene of a crime are presumed to be res gestae witnesses able to testify regarding their observations. *People v Abdo,* 81 Mich App 635, 642-644; 265 NW2d 779 (1978), *People v Hicks,* 63 Mich App 595, 597; 234 NW2d 720 (1975). Prosecutors are required to endorse all such persons' names on the information, MCL 767.40; MSA 28.980, and to produce these witnesses at trial. See *People v Hammack,* 63 Mich App 87; 234 NW2d 415 (1975). However, if the prosecutor does not comply, it is the defendant's responsibility to move for a hearing during trial or for a new trial prior to seeking appellate review. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

In the case *sub judice,* although defendant most likely was aware of the several persons in his apartment at the time of the heroin delivery, he did not raise the production issue at trial. However, he did move for a new trial at the trial's conclusion, properly perfecting the issue for appeal under the authority of *Robinson, supra.* Although

defendant complied with preservation procedure, we find on the merits that witness presentation was excused under an established exception to the production rule.

" 'Where the identity of the res gestae witness is made known to the defendant during or before trial and defendant does not move for endorsement or production of the witness [presentation is excused].' " *People v Hernandez,* 84 Mich App 1, 14; 269 NW2d 322 (1978), quoting *People v Buero,* 59 Mich App 670, 674-675; 229 NW2d 880 (1975).

Defendant presumably knew the identity of the persons in his apartment, but failed to disclose this information to the prosecution or move for the production of the witnesses during trial.[1] See *Hernandez, supra.* Whether this defendant actually delivered the heroin was never actually contested. Nor was there any question of identity. Any testimony that the witnesses could have given would not likely have affected the trial's outcome. Therefore, we find that the prosecutor's failure to produce was, at most, harmless and reversal on this basis is unnecessary. See *Hernandez, supra, People v Phillips,* 75 Mich App 690; 255 NW2d 733 (1977), *People v Bennett,* 68 Mich App 446; 243 NW2d 15 (1976).

Defendant further seeks reversal on the ground that the search warrant, obtained and executed seven days after the heroin delivery at issue, was based on stale information. There is authority for

---

[1] In cases like the present, where only the defendant is aware of the witnesses' identity, we are persuaded that the prosecutor is excused from endorsement and production by *People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975). However, the *Buero* exception does not relieve the prosecutor of his duty to endorse res gestae witnesses of whose identity he *is* aware, without the necessity of a motion to endorse by defendant. See *People v Reynolds,* 93 Mich App 516; 286 NW2d 898.

the quashing of a warrant based on outdated probable cause. *People v Siemieniec,* 368 Mich 405; 118 NW2d 430 (1962). However, as with the witness issue, the present defendant failed to object at trial. In fact, defense counsel specifically denied that the search would be challenged as illegal or improper. Thus, on the facts of this case we conclude that defendant effectively waived his right to challenge the search warrant.

Assuming, *arguendo,* that a post-trial motion for a new trial effectively preserved defendant's appellate rights on the search warrant issue, we conclude that the warrant was not stale. It is well-settled that probable cause supporting the search warrant must exist at the time of its issuance. *Sgro v United States,* 287 US 206, 210; 53 S Ct 138; 77 L Ed 260 (1932). The lapse of time between the circumstances underlying the warrant and the warrant's execution does not automatically indicate staleness. *United States v Townsend,* 394 F Supp 736 (ED Mich, 1975).

"There is no hard and fast rule as to how much time may intervene between the obtaining of the facts and the making of the affidavit upon which the search warrant is based" *People v Mushlock,* 226 Mich 600; 198 NW 203 (1924).

Certainly the passage of time is a consideration in judging a search warrant's vitality. See *People v Willis,* 243 Mich 164; 219 NW 609 (1928), *People v Mayes,* 78 Mich App 618; 261 NW2d 22 (1977), *People v Gould,* 61 Mich App 614; 233 NW2d 109 (1975). One must look to the history of criminal activity involved; in a pattern of violations the lapse of time is less critical. *Townsend, supra,* at 744. Also necessary to consider is whether any supplemental information has been received to

confirm the basic information supporting the warrant. See *United States v Harris,* 403 US 573; 91 S Ct 2075; 29 L Ed 2d 723 (1971). In the final analysis, the measure of a search warrant's staleness rests not on whether there is recent information to confirm that a crime is being committed, but whether probable cause is sufficiently fresh to presume that the sought items remain on the premises. *Townsend, supra,* at 745.

In the instant case, the record reveals that the first delivery on January 10, 1978, which forms the basis of defendant's conviction, was not an isolated occurrence. There was a second delivery on January 16, 1978, attested to in the affidavit accompanying the search warrant and in testimony at trial. Thus, although there were seven days between the original information and the search warrant of January 17th, there was corroborative information obtained just 24 hours before the warrant's issuance. We cannot then say that the search warrant was stale.

We conclude that both of defendant's arguments on appeal are without merit. Accordingly, his conviction is affirmed.