PEOPLE v REYNOLDS

Docket No. 78-1042. Submitted September 4, 1979, at Detroit.—Decided November 6, 1979.

Anthony Reynolds was convicted in Recorder's Court of Detroit of unarmed robbery, Joseph A. Gillis, J. The defendant appeals, alleging that 1) the trial court improperly denied the defendant's motion for an evidentiary hearing on the constitutionality of pretrial identification procedures used, 2) the prosecution improperly failed either to endorse or produce a res gestae witness, and 3) the trial court erred in allowing the prosecution to strike from the information the name of an endorsed witness. *Held:*

1. A defendant is entitled to an evidentiary hearing where the admissibility of evidence is challenged on constitutional grounds. The trial court erred in denying the defendant's motion. The matter is remanded to the trial court for an evidentiary hearing to determine whether there was an impermissibly suggestive photographic showup and whether the disparate age, weight and height characteristics of the other participants in a lineup denied the defendant due process of law.

2. The prosecution did not endorse or produce a res gestae witness who had issued a warning to the complainant just before the robbery. On remand the trial court shall require the prosecution to produce the witness at a hearing to determine whether her testimony would have been cumulative. If the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 222, 223.
   29 Am Jur 2d, Evidence § 371.
   Admissibility of evidence of lineup identification as affected by allegedly suggestive lineup procedures. 39 ALR3d 487.
[2] 29 Am Jur 2d, Evidence § 371.
   5 Am Jur 2d, Appeal and Error §§ 778, 779, 798.
[3] [No Reference]
[4] 81 Am Jur 2d, Witnesses § 1.
[5] 81 Am Jur 2d, Witnesses §§ 75, 76.
[6, 7] 81 Am Jur 2d, Witnesses § 2.

witness cannot be located, the trial court must decide whether the defendant was prejudiced by the nonproduction.

3. There is no showing that the prosecutor exercised due diligence in attempting to produce the investigating officer, who was an endorsed witness. On remand, the trial court shall determine whether the defendant was prejudiced by the non-production of the officer.

Remanded for further proceedings.

1. CRIMINAL LAW — LINEUP — CONSTITUTIONAL LAW — EVIDENTIARY HEARING.

A defendant is entitled to an evidentiary hearing where the admissibility of evidence is challenged on constitutional grounds; the right to such a hearing extends to a defendant's claim of a constitutionally improper lineup.

2. CRIMINAL LAW — PRETRIAL IDENTIFICATION — IN-COURT IDENTIFI-CATION — INDEPENDENT BASIS — APPEAL AND ERROR.

An improper pretrial identification procedure may constitute harmless error if it is followed by an in-court identification which has an independent basis.

3. CRIMINAL LAW — WITNESSES — IDENTIFICATION — IMPROPER PRO-CEDURE — INDEPENDENT BASIS.

The factors to be considered in determining whether there exists an independent basis for an in-court identification where there has been an improper pretrial identification are: (1) the identif-ying witness's prior relationship with or knowledge of the defendant, (2) the witness's opportunity to observe the offense, this includes such factors as length of time of the observation, lighting, noise or other factor affecting sensory perception and proximity to the alleged criminal act, (3) length of time be-tween the offense and the disputed identification, (4) accuracy or discrepancies in the pre-lineup or showup description and the defendant's actual description, (5) any previous proper identification or failure to identify the defendant, and (6) any identification prior to lineup or showup of another person as defendant.

4. WITNESSES — RES GESTAE WITNESSES — DEFINITION.

A res gestae witness is a witness to some event in the continuum of a criminal transaction whose testimony will aid in develop-ing a full disclosure of the facts surrounding the commission of the alleged offense.

5. WITNESSES — RES GESTAE WITNESSES.
   A person need not be at the scene of a crime to be considered a res gestae witness.

6. WITNESSES — RES GESTAE WITNESSES — ENDORSEMENT — STATUTES.
   The prosecution is statutorily required to endorse and produce res gestae witnesses (MCL 767.40; MSA 28.980).

7. WITNESSES — CRIMINAL LAW — ENDORSED WITNESSES — PRODUCTION OF WITNESSES — DUE DILIGENCE.
   A criminal defendant is entitled to rely on the prosecution's duty to produce an endorsed witness, even if the witness is not a res gestae witness; the prosecution's failure to fulfill this duty is excused on a showing of due diligence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. The defendant was convicted by a jury of unarmed robbery, MCL 750.530; MSA 28.798. He was sentenced to a term of 4-15 years and appeals as of right.

The complainant, Terrance Hawkins, testified that he was standing near Kettering High School after a football game when a friend, Geraldine Hughes, warned him that she had overheard some people planning to "jump" him. He walked to a nearby market so he could telephone his brother. A group of 19-20 people followed him to the store. About seven persons came into the market. While the defendant approached him from the front, someone grabbed him from the back and took a bag containing clothes and money from his posses-

sion. The complainant did not report this incident until nine days later because he thought he could recover the property himself. He identified the defendant at a lineup which was held 21 days after the alleged robbery. The complainant stated that he had seen the defendant at school and knew him by sight. Ms. Hughes was not endorsed on the information and did not testify at the trial.

The defendant's first assignment of error involves the trial court's denial of a motion for an evidentiary hearing challenging the constitutionality of the lineup procedure. The defendant alleges that the lineup was tainted because the complainant was previously shown a photograph of the defendant only. The defendant also alleges that the lineup was unduly suggestive because of age and height differences between the defendant and the other participants.

In *People v Wiejecha,* 14 Mich App 486, 488; 165 NW2d 642 (1968), we held that a defendant is entitled to an evidentiary hearing where the admissibility of evidence is challenged on constitutional grounds. In *People v Piscunere,* 26 Mich App 52; 181 NW2d 782 (1970), we extended this rule to a defendant's claim of a constitutionally improper lineup. The trial court erred in denying the defendant's motion.

An improper pretrial identification procedure may constitute harmless error if followed by an in-court identification which has an independent basis. *People v Hill,* 88 Mich App 50, 64; 276 NW2d 512 (1979), *People v Richmond,* 84 Mich App 178, 182; 269 NW2d 521 (1978). The Court in *People v Kachar,* 400 Mich 78, 95; 252 NW2d 807 (1977), summarized the factors to be considered in determining whether there exists an independent basis for an in-court identification:

"1. Prior relationship with or knowledge of the defendant.

"2. The opportunity to observe the offense. This includes such factors as length of time of the observation, lighting, noise or other factor affecting sensory perception and proximity to the alleged criminal act.

"3. Length of time between the offense and the disputed identification. See *[People v] Anderson,* 389 Mich [155,] 214 [205 NW2d 461 (1973)], for analysis of the curve of forgetting.

"4. Accuracy or discrepancies in the pre-lineup or showup description and defendant's actual description.

"5. Any previous proper identification or failure to identify the defendant.

"6. Any identification prior to lineup or showup of another person as defendant.

To these the Court added the considerations of state of mind of the witness and any idiosyncracies of defendant.

The record of the case at bar does not indicate whether an independent basis existed according to the criteria of *Kachar, supra.* The complainant testified that he had attended four different schools within the same year. He had seen the defendant in the halls but had never talked to him and did not know his name. The incident in question involved an assault of short duration by a large group of persons. The defendant did not report the incident for nine days. On the day he reported the alleged assault, he had come to the school office to report a stolen leather jacket. Apparently, he was shown an identification card with the defendant's picture on it. There is no indication that any other pictures were shown to him, but the record on this matter is at best sparse. He never gave the police a description of the robbers at the market.

This case is therefore remanded to the trial

court for an evidentiary hearing to determine whether there was an impermissibly suggestive photographic showup, and whether the disparate age, weight and height characteristics of the other lineup participants denied the defendant due process of law, *People v Lee,* 391 Mich 618, 625-626; 218 NW2d 655 (1974). See also, *People v Wilson,* 20 Mich App 410; 174 NW2d 79 (1969). The trial court should also determine whether the complainant's in-court identification of the defendant had an independent basis under the test formulated in *People v Kachar, supra,* particularly in light of *People v Krist,* 93 Mich App 425; 287 NW2d 251 (1979). If the photographic showup or lineup was constitutionally defective and there was no independent basis for the in-court identification, the defendant is entitled to a new trial.

The defendant's second allegation of error involves the prosecution's failure either to endorse or produce Geraldine Hughes, a res gestae witness. A res gestae witness has been defined as an eyewitness to some event in the continuum of a criminal transaction whose testimony will aid in developing full disclosure of the facts surrounding the commission of the alleged offense, *People v Hadley,* 67 Mich App 688, 690; 242 NW2d 32 (1976). Ms. Hughes warned the complainant moments before the alleged assault that a certain group was planning to "jump" him. A person need not be at the scene of the crime to be considered a res gestae witness. *People v Jelks,* 33 Mich App 425; 190 NW2d 291 (1971). Ms. Hughes was a res gestae witness.

The prosecutor is statutorily required to endorse and produce res gestae witnesses, MCL 767.40; MSA 28.980. None of the exceptions enumerated in *People v Bennett,* 46 Mich App 598, 619-620;

208 NW2d 624 (1973), *rev'd on other grounds* 393 Mich 445; 224 NW2d 840 (1975), applies here. The defendant properly preserved the issue for appellate review by his motion for a new trial, as required by *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

Therefore, on remand, the trial court shall require the prosecutor to produce Ms. Hughes at a hearing within 45 days of the release of this opinion.[1] Ms. Hughes shall be examined to determine whether her testimony would have been cumulative. If Ms. Hughes cannot be located, the trial court must decide whether the defendant was prejudiced by her nonproduction as described in *People v Willie Pearson,* 404 Mich 698; 273 NW2d 856 (1979). In any case, the prosecutor must "bear the consequences" and the defendant shall be granted a new trial with an appropriate jury instruction concerning Ms. Hughes' testimony. See *People v Koehler,* 54 Mich App 624, 640; 221 NW2d 398 (1974).

The final issue in this appeal involves the trial court's decision to allow the prosecutor to strike an endorsed witness, Officer Ruth Dilworth, from the information. Officer Dilworth was not a res gestae witness, but was the investigating officer in charge of the defendant's case. A defendant is entitled to rely on the prosecutor's duty to produce an endorsed witness, even if he was not a res gestae witness. The prosecutor is excused on a showing of due diligence in attempting to produce

---

[1] This case is distinguished from cases like *People v Gillam,* 93 Mich App 548; — NW2d — (1979), where only the defendant is aware of the identity of the res gestae witness. In such a case, the prosecution may be excused from endorsement and production by *People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975). Here, the res gestae witness was known to and identified by the complainant, the prosecution's own witness.

the endorsed witness. *People v Kern,* 6 Mich App 406; 149 NW2d 216 (1967). There was no showing of such due diligence in the case at bar. On remand, the trial court shall decide whether the defendant was prejudiced by the nonproduction of Officer Dilworth, as required in *Pearson, supra.*

Remanded for further proceedings consistent with this opinion. We retain jurisdiction.