PEOPLE v RIVERA

Docket No. 55284. Submitted December 8, 1981, at Detroit.—Decided
  March 19, 1982.

  Patrice Rivera and a codefendant were convicted of burning
  personal property over the value of $50, Detroit Recorder's
  Court, Michael J. Talbot, J. The defendant was alleged to have
  ignited the back seat of a 1969 Chevrolet Impala. The defen-
  dant appeals, alleging that (1) the prosecution failed to present
  sufficient evidence of an essential element of the offense, the
  value of the car and (2) the case should be remanded for a "due
  diligence" hearing because the prosecution failed to indorse or
  produce two res gestae witnesses. *Held:*

    1. The jury could have properly concluded that the automo-
  bile was worth over $50. The complainant testified that her car
  was worth more than $50 and that it was in good running
  condition.

    2. The prosecution has an affirmative duty to diligently
  attempt to discover the existence of any possible res gestae
  witnesses. A defendant's knowledge of the existence of res
  gestae witnesses does not excuse the prosecution's failure to
  indorse or produce these witnesses unless the prosecution nei-
  ther knew nor should have known of their existence. This case
  should be remanded to the trial court to determine whether: (1)
  the alleged res gestae witnesses are res gestae witnesses; (2) the
  prosecution knew or should have known of the existence of
  these persons; (3) the prosecution was duly diligent in attempt-
  ing to locate the persons; and (4) the defendant was prejudiced
  by failure to produce the witnesses at trial.

    Remanded with instructions.

1. CRIMINAL LAW — EVIDENCE — VALUE OF PROPERTY.
    Testimony by a complainant regarding the value of his automo-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arson and Related Offenses § 18.
    29 Am Jur 2d, Evidence § 387.
[2-4] 29 Am Jur 2d, Evidence § 708 *et seq.*
    81 Am Jur 2d, Witnesses §§ 2, 481.
[3] 41 Am Jur 2d, Indictments and Informations §§ 55, 56, 60.

bile which had been burned and for the burning of which the defendant is on trial is circumstantial evidence of the automobile's value, and as such is sufficient to present a jury question as to whether the value was in excess of $50, an essential element of the offense which the defendant was alleged to have committed.

2. Criminal Law — Res Gestae Witnesses — Indorsement Requirements.

The term "res gestae witness" embraces eyewitnesses to the corpus delicti of a crime, but where a person is present at the scene of an alleged crime, at the time of the alleged crime, has occasion to observe his surroundings, and sees no crime, he too must be considered a res gestae witness whom the people are obliged by law to call as a trial witness; this is to protect defendants from false accusations by requiring disclosure of the whole of the res gestae, by preventing the suppression of testimony favorable to the accused, and by extending to them the benefits of cross-examination.

3. Criminal Law — Res Gestae Witnesses.

A defendant's failure to move for indorsement of alleged res gestae witnesses does not excuse the prosecution's failure to indorse or produce them where both the defendant and the prosecution are aware of the existence of the res gestae witness.

4. Prosecuting Attorneys — Res Gestae Witnesses.

A prosecuting attorney in a criminal case has an affirmative duty to diligently attempt to discover the existence of any possible res gestae witnesses; a defendant's knowledge of the existence of res gestae witnesses does not excuse the prosecution's failure to indorse or produce the witnesses unless the prosecution neither knew nor should have known of their existence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Michael J. Brady,* for defendant on appeal.

Before: D. C. Riley, P.J., and R. M. Maher and Cynar, JJ.

Per Curiam. After a jury trial, defendant and a codefendant were convicted of burning personal property over the value of $50, MCL 750.74; MSA 28.269. Defendant appeals as of right.

On July 11, 1980, in the presence of a number of people, someone ignited the back seat of a 1969 Chevrolet Impala. This unfortunate attempt to ameliorate the Detroit traffic problem, the energy crunch, and the boredom of a summer evening was frowned upon by the owner of the car, who later testified that the car was worth over $50. She also testified that if she had chosen to sell the car, $200 would have been a fair price.

Defendant intially contends that the prosecution failed to present sufficient evidence of an essential element of the offense: that the car was worth over $50. We disagree. The complainant testified that her car was worth more than $50 and that it was in good running condition. The jury was entitled to conclude that the car was worth over $50. See *People v Clemons,* 91 Mich App 68, 75; 282 NW2d 838 (1979), *lv den* 407 Mich 939; 291 NW2d 927 (1980).

Defendant also contends that the prosecution failed to indorse or produce two res gestae witnesses and, therefore, this case must be remanded for a "due diligence" hearing. These witnesses, who were present at the scene of the crime, allegedly would have testified that defendant did not commit the crime. Although these witnesses did not see who set the car on fire, they were allegedly talking with defendant when the blaze began. Although defendant was aware of their existence, he failed to move for indorsement or production of these witnesses. His attempt to subpoena these

witnesses was, according to the trial court, somewhat untimely.[1]

The prosecution initially contends that since defendant does not allege that the two missing witnesses observed the commission of the crime they cannot be considered res gestae witnesses. We must disagree. These witnesses were present at the scene of the crime[2] and their testimony was reasonably necessary to protect defendant against a false accusation. See *People v Harrison,* 44 Mich App 578, 591; 205 NW2d 900 (1973).[3]

---

[1] The following exchange took place in the presence of the jury:

"*Mr. Lamping [counsel for codefendant]:* Your Honor, I anticipate there will be some additional witnesses available.

"*The Court:* Well, did both counsel issue subpoenas?

"*Mr. Lamping:* I haven't.

"*Ms. Kozlowski [counsel for defendant]:* Your Honor, I presented subpoenas to the Arson Department yesterday, which was all I had—names and addresses.

"*Ms. Alberts [Prosecutor]:* Your Honor, I would like to put on the record right now, if counsel is trying to blame the Arson Department for these people not being here—

"*The Court:* They are not obligated to serve your witnesses. Now all I am inquiring about is whether any subpoenas were served on these individuals, because then and only then may I command someone to come to court. Otherwise it's voluntary. I don't want this jury to think there are all sorts of people sitting about ready and willing and able. I don't know. They are not here.

"*Ms. Kozlowski:* Your Honor, I would like to address this issue and it should be out of the hearing of the jury.

"*The Court:* No, I'm dealing with it now because you raised it in front of the jury.

"*Ms. Kozlowski:* The procedure in this court has been that you brought your subpoenas here and the judge would give them to the officers and have the subpoenas served.

"*The Court:* That's fine, but we're talking about this case at this time. Have you requested the assistance of this court by the way of my subpoena power? The court was here yesterday. You were well aware of the individuals who you needed prior to then. But to leave this jury with the comment that it's somebody else's fault is totally incorrect. At this point I gather you have no additional witnesses, and therefore you rest."

[2] We wish to emphasize, however, that a person not present at the scene of the crime may nevertheless be deemed a res gestae witness. See *People v Reynolds,* 93 Mich App 516, 521; 286 NW2d 898 (1979).

[3] "No exact, precise definition of 'res gestae witness' can be formu-

The prosecution next contends that defendant's failure to move for indorsement or production excuses the prosecution's failure to indorse these witnesses since defendant, but not the prosecution, was aware of their existence. Clearly, where both the defendant and the prosecution are aware of the existence of res gestae witnesses, the defendant's failure to move for indorsement does not excuse the prosecution's failure to indorse or produce them. *People v Reynolds,* 93 Mich App 516, 522, fn 1; 286 NW2d 898 (1979). However, it is somewhat unclear whether a defendant's knowledge of the existence of res gestae witnesses excuses the prosecution's failure to indorse or produce them where the prosecution did not know, but *should have known,* of their existence.

In *People v Robinson,* 390 Mich 629, 631; 213 NW2d 106 (1973), the Supreme Court addresses the following issue:

"Is [a] defendant denied a fair trial when the prosecutor fails to indorse on the information the name of a possible res gestae witness who was, *or should have been,* known to him prior to trial and when he fails to produce such witness at trial?" (Emphasis supplied.)

Clearly, according to *Robinson,* the prosecution

lated. Assuredly, the term embraces eyewitnesses to the corpus delicti of a crime. But where a person is present at the scene of an alleged crime, at the time of the alleged crime, has occasion to observe his surroundings, *People v Jessie Jackson,* 30 Mich App 438 (1971), and sees no crime, he too must be considered a res gestae witness, whom the people are obliged by law to call as a trial witness. This is but one example of one of the parameters that define a res gestae witness: a witness whose testimony is reasonably necessary to protect the defendant against a false accusation. *People v Thomas,* 34 Mich App 30 (1971). This rule applies where it is at all probable that any part of the transaction may be undisclosed, or where a fair presentation of the circumstances surrounding the alleged crime cannot otherwise be made to the court or jury. *People v Kayne,* 268 Mich 186 (1934); *People v Bartlett,* 312 Mich 648 (1945)." *Harrison, supra,* 591.

has an affirmative duty to diligently attempt to discover the existence of any possible res gestae witnesses. A defendant's knowledge of the existence of res gestae witnesses does not excuse the prosecution's failure to indorse or produce these witnesses unless the prosecution neither knew nor should have known of their existence.

Certain language in *Reynolds, supra,* and *People v Gillam,* 93 Mich App 548; 286 NW2d 890 (1979),[4] suggests that a defendant's failure to move for indorsement excuses the prosecution's failure to indorse or produce a res gestae witness unless the prosecution has actual knowledge of the witness's existence. We observe that neither *Reynolds* nor *Gillam* addressed the precise issue presented by the case at bar and that neither case is inconsistent with the rationale we have adopted in this case.

Since defendant moved for a new trial after his conviction, this issue has been properly preserved for appeal. Accordingly, we remand this case to the trial court and direct the court to conduct a hearing in which the following framework of inquiry shall be employed with respect to each alleged missing res gestae witness:

1. The court shall determine whether the prosecution either knew or should have known of the existence of the missing person; if not, the defendant's conviction shall be affirmed;

2. If the prosecution either knew or should have known of the existence of the missing person, the court shall ascertain whether the missing person is a res gestae witness;

3. If so, the prosecutor shall produce the witness or explain why the witness cannot be produced

---

[4] We wish to point out that two members of the instant panel were on the panel that decided both *Gillam* and *Reynolds.*

and why the witness was not indorsed and produced at trial.

4. If the witness is not produced, the court shall determine whether the prosecution was duly diligent in its attempts to produce the witness;

5. If a lack of due diligence is found or if the witness is produced, the court shall ascertain whether the defendant has been prejudiced by the failure to produce the witness at trial;

6. If the defendant is found to be prejudiced the court shall fashion an appropriate remedy. See *People v Pearson,* 404 Mich 698, 723; 273 NW2d 856 (1979).

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.