PEOPLE v OSBORN

Docket No. 60216. Submitted June. 30, 1982, at Grand Rapids.—De-
cided December 8, 1982.

William N. Osborn was convicted of first-degree criminal sexual
conduct following a jury trial in Allegan Circuit Court, George
R. Corsiglia, J. The charge arose out of sexual contact between
defendant and the daughter of his former wife. Such activity
had been going on for at least a year and a half before the girl
contacted a social worker at Protective Services. The girl
related to the social worker the nature of defendant's activities
and the fact that defendant had taken and retained photo-
graphs of his exploits with the girl. The social worker later
contacted the State Police. A trooper thereafter swore out an
affidavit to obtain a search warrant to search the defendant's
residence for photographs of the child. Defendant, prior to trial,
moved to suppress the photographs which were seized pursuant
to the search warrant which was thereby secured. That motion
was denied. Defendant also moved to exclude the photographs
as being too prejudicial. That motion was also denied. Defen-
dant appeals. *Held:*

1. The 45-day lapse of time between the last sexual contact
and the issuance of the warrant does not, under these facts,
indicate staleness of the information contained in the affidavit
supporting the warrant. The long history of sexual contact
between the defendant and the child and the child's personal
knowledge of the existence and location of the photographs
lended support to the conclusion that the photographs were
still in the defendant's possession at the time of the issuance of
the warrant.

2. The fact that the information in the affidavit supporting
the application for the search warrant was multiple hearsay
does not preclude its use by the magistrate in finding probable

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Searches and Seizures § 70.
Search warrant: sufficiency of showing as to time of occurrence. of
facts relied on. 100 ALR2d 525.
[3, 4] 68 Am Jur 2d, Searches and Seizures § 65.
[5] 29 Am Jur 2d, Evidence § 785 *et seq.*

cause in this case. The social worker with Protective Services, like a police officer, is presumptively a credible source. The long relationship between defendant and the girl and the specificity of the girl's information indicate a sufficient degree of reliability to justify treating the girl as a reliable source.

3. The trial court did not abuse its discretion by permitting the admission of the photographs into evidence, since the photographs were not introduced to excite passion and prejudice and their probative value outweighs their prejudicial effect.

Affirmed.

M. J. KELLY, J., concurred in result only.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — STALE INFORMATION.

Probable cause supporting a search warrant must exist at the time the warrant is issued; the lapse of time between circumstances underlying a warrant and the issuance of the warrant does not automatically indicate staleness.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — STALE INFORMATION — PROBABLE CAUSE.

The measure of a search warrant's staleness rests not on whether there is recent factual information to confirm that a crime has been committed, but whether probable cause is sufficiently fresh to allow one to presume that the items sought remain on the premises.

3. SEARCHES AND SEIZURES — HEARSAY — PROBABLE CAUSE — SEARCH WARRANTS.

Hearsay or multiple hearsay may be relied on to establish probable cause to justify the issuance of a search warrant, however, the judicial officer being requested to issue the warrant should be supplied with some of the underlying circumstances supporting the conclusions that the object of the search is where it is said to be and that the informant is reliable.

4. SEARCHES AND SEIZURES — SEARCH WARRANTS — HEARSAY — SOCIAL WORKERS.

A magistrate may assume that hearsay information in an affidavit in support for a search warrant which comes from a social worker is information from a credible source, just as the magistrate may assume that hearsay evidence from a police officer is from a credible source.

5. CRIMINAL LAW — EVIDENCE — PHOTOGRAPHS.

    The admission of photographic evidence is largely a matter addressed to the discretion of the trial court; review of the trial court's discretion is directed to ascertaining whether the admission of the photographs was substantially necessary or instructive to show material facts or conditions rather than merely calculated to excite passion or prejudice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Wickett, Laudenslager & Baugh, P.C.* (by *Mary E. Delehanty),* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant was convicted by a jury on July 23, 1981, of first-degree criminal sexual conduct under MCL 750.520b(1)(a); MSA 28.788(2)(1)(a) and sentenced to 5 to 20 years imprisonment. He appeals as of right.

Testimony showed that the defendant was divorced from his former wife. During their marriage defendant had lived with his wife and her daughter. The child testified that she had known the defendant all her life and was told that he was her father. When the child was 6 years old the defendant and his wife divorced; nevertheless, the child continued to see defendant until her 12th year, thinking he was her natural father.

Sometime between the 9th and 15th of January, 1981, the defendant and the young girl had sexual contact in the pole barn behind defendant's house. Such activity had been going on for at least a year and a half. Defendant had also begun photograph-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

ing his exploits with the child in December, 1980 and retained the pictures. Eventually the child contacted a social worker at Protective Services about these incidents after watching a television program. The social worker later contacted a trooper at the Michigan State Police who swore out an affidavit to obtain a warrant to search defendant's residence for photographs of the child. The trooper secured the warrant and recovered the pictures from defendant's pole barn.

Defendant challenges the validity of the search warrant. He argues the warrant was invalid because the information contained in the trooper's affidavit was 45 days old and was stale. The affidavit, dated February 27, 1981, does reveal that the photographs were last seen on the previous January 11th. We cannot agree, however, that this information was stale. A search warrant must be supported on probable cause existing at the time the warrant is issued. *People v Chippewa Circuit Judge,* 226 Mich 326; 197 NW 539 (1924); *People v Gillam,* 93 Mich App 548; 286 NW2d 890 (1979). Nevertheless, a lapse of time between the occurrence of the underlying facts and the issuance of the warrant does not automatically render the warrant stale. *People v Gillam, supra,* p 552. As a panel of this Court said in *People v Gillam, supra,* p 553: "the measure of a search warrant's staleness rests not on whether there is recent information to confirm that a crime is being committed, but whether probable cause is sufficiently fresh to presume that the sought items remain on the premises". Such probable cause is more likely to be "sufficiently fresh" when a history of criminal activity is involved. *People v Gillam, supra,* p 552.

In this case, defendant had been sexually exploiting his young victim for at least a year and a

half before the issuance of the warrant. Indeed, the affidavit indicated that, according to the child, she had had regular sexual contact with the defendant since the age of three. The photographs were clearly not an isolated aberration but simply a variation in a long history of sexual abuse. The magistrate thus had enough information to conclude that defendant would not quickly dispose of the pictures but would retain them for his own future perverse enjoyment. The affidavit's allegations of a long history of sexual abuse between the child and defendant and the victim's personal knowledge of the existence and location of the photographs in January constituted probable cause sufficiently fresh to presume that the photographs were in defendant's residence when the warrant was issued. We must reject defendant's contention.

Defendant next contends that the search warrant was not supported by probable cause because the affidavit contained double hearsay. The affidavit provided:

"The following facts having been sworn to by affiant in support of the issuance of this Warrant: Your affiant is a Michigan State Trooper attached to the Wayland Post. On February 27, 1981 he was contacted by Diane Parrott, Protective Services worker with the Allegan County Department of Social Services, and informed that she was investigating a case where it was alleged that sexual contact had occurred between a twelve year old girl and her natural father.

"Your affiant was informed by Ms. Parrott that she had interviewed the Complainant on this date, the complainant indicated that she had had regular sexual contact with her natural father since the age of three.

"During the week of January 11, 1981 the complainant indicated that she was present at the home of her natural father. At that time she was taken into the outbuilding described above, there sexual contact took

place and the complainant indicated that she was photographed in the nude by her father.

"Her father, William Nelson Osborne is the occupant of the above described modular home and the above described outbuilding. The complainant indicated that the photographs were taken by her father and that after the photographs were taken they remained in the possession of her father.

"It is the belief of your affiant that the complainant is a mature, now thirteen year old girl, and appears to be reliable.

"It is further the belief of your affiant that the pictures were last seen in the possession of William Nelson Osborne and that it is likely that they are contained somewhere in the above described places."

The information here passed through two links. First, from the child complainant to the Protective Services worker and, second, from the social worker to the affiant. A magistrate may rely properly on hearsay. *Jones v United States,* 362 US 257; 80 S Ct 725; 4 L Ed 2d 697 (1960). Moreover, reliance on double hearsay does not itself invalidate the warrant. *People v Chartrand,* 73 Mich App 645; 252 NW2d 569 (1977). But as this Court said in *People v Brooks,* 101 Mich App 416, 419; 300 NW2d 582 (1980):

"[W]hen hearsay is used, however, the judicial officer being asked to issue the warrant must be supplied with (1) some of the underlying circumstances supporting the conclusion that the object of the search is where it is said to be and (2) some of the underlying circumstances supporting the conclusion that the person supplying the information is reliable. *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964); *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1960); *People v Walker,* 401 Mich 572; 259 NW2d 1 (1977)."

The affidavit satisfies the first prong of the *Brooks*

test for the same reasons that the information in the affidavit is not stale. The long history of sexual contact between the defendant and the child and the child's personal knowledge of the existence and location of the photographs support the conclusion that the pictures were in defendant's possession when the warrant was issued.

The affidavit fulfills the second prong as well. Because the affidavit referred to two informants both must meet the reliability test. The affidavit supplies enough circumstances supporting the reliability of the child. It stated her long relationship with defendant. This relationship indicates that she was in an excellent position to know the truth of what she said. *Cf. People v Emmert,* 76 Mich App 26, 31; 255 NW2d 757 (1977); *People v Chartrand, supra.* Moreover, the child stated the approximate date and location of the photographing. She also described the events leading up to the photographing. Such specificity further indicates that the child was a reliable informant.

The second informant was a Protective Services worker who had interviewed the child. What she learned from that interview she told to the affiant. Social workers cannot discharge their professional obligations unless they report accurately what they have learned. In this regard, social workers are like police officers investigating a case. See *People v Peete,* 113 Mich App 510, 513; 317 NW2d 666 (1982). We think a professional social worker is a reliable informant as to information acquired in his or her professional capacity. This is such a case. The Protective Services worker clearly acquired the child's story as part of her investigation into allegations of sexual abuse. These circumstances support the reliability of her report of the information so obtained.

Defendant next argues that MCL 780.653; MSA 28.1259(3) renders the affidavit defective. That statute reads:

"The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him. The affidavit may be based upon reliable information supplied to the complainant from a credible person, named or unnamed, so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein."

The affidavit is defective, defendant contends, because the social worker did not know personally the facts reported by the child. We disagree.

The statute does not require that all of the affiant's informants allege personal knowledge of the criminal activity. *People v Chartrand, supra.* It requires only that the informant allege that he knows personally the facts he is reporting to the affiant. Where the facts reported by the informant are another person's statements about certain events, the statute is satisfied even though the informant has no personal knowledge of those events so long as he alleges personal knowledge of the *statements. Cf. People v Chartrand, supra.* Here, the facts reported by the social worker were the child's statements about her sexual relations with defendant. The affidavit alleged that the social worker knew personally that the child made these statements, inasmuch as it averred she interviewed the child. The affidavit, therefore, did not violate the statute.

Finally, the defendant argues that the trial court erred in admitting the photographs because

their prejudicial effect substantially outweighed their probative value. The photographs depicted sexual contacts between the defendant and the child occurring before the incidents underlying the prosecution. The admission of photographic evidence is largely within the trial court's discretion. *People v Rocha,* 110 Mich App 1, 13; 312 NW2d 657 (1981). The question on review is whether the photographs were substantially necessary or instructive to show a material fact or merely calculated to excite passion and prejudice. *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973); *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972).

These photographs were not introduced to excite passion and prejudice. Instead, they were offered to corroborate the child's testimony as to her prior sexual encounters with defendant. *Cf. People v Rocha, supra,* p 13. In a case such as this, the defendant's relationship with the child is a material fact since her ongoing relationship with defendant reinforced her credibility. See *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973). Because the child was the prosecution's chief witness, her credibility was the central issue in the case. Thus, the photographs were substantially necessary and instructive on a material issue. Pictures of this kind may, of course, arouse easily the passions and prejudices of the jury. Nevertheless, after reviewing the photographs and the circumstances of this case we cannot say that the trial court abused its discretion in finding that their probative value outweighed their prejudicial effect.

Affirmed.

M. J. KELLY, P.J., concurs in the result only.