JOHNSON *v.* CITY OF MUSKEGON HEIGHTS.

1. ACTION—MOOT QUESTION.
   Courts ordinarily will not decide a case or question in or on which there is no real controversy.

2. INJUNCTION—DAMAGES.
   Courts of equity may not lend aid by injunction in the abstract, and unconnected with any injury or damage to the person or persons asking relief.

3. SAME—CONJECTURE.
   Injunctive relief may not be granted on the basis of mere speculation or conjecture that public funds may be expended for an unlawful purpose.

4. MUNICIPAL CORPORATIONS—INJUNCTION—EXPENDITURE OF PUBLIC FUNDS—CIVIL DEFENSE OF POLICEMAN—ASSAULT—STIPULATION.
   Decree enjoining city from expending public funds or furnishing any services in connection with the defense of its police officer in civil action against him for assault is vacated, where it was stipulated that the city attorney did not appear in his official capacity and that no public funds have been expended nor commitment made therefor; there being no ground for injunctive relief.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 10, 1951. (Docket No. 53, Calendar No. 45,066.) Decided June 4, 1951.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Actions, § 19.
[2] 28 Am Jur, Injunction, § 26.
[3] 28 Am Jur, Injunction, §§ 29, 30.
[4] 28 Am Jur, Injunction, § 29; 42 Am Jur, Public Funds, § 63; 52 Am Jur, Taxpayer's Actions, § 28.

Bill by Nathan Johnson against City of Muskegon Heights to restrain the payment of any money for defense of police officer. Decree for plaintiff. Defendant appeals. Reversed.

*Marcus & McCroskey,* for plaintiff.

*William J. Balgooyen,* for defendant.

BUSHNELL, J. An action for damages was commenced against John Farkas, a police officer of Muskegon Heights, charging that he wantonly, maliciously, and without provocation, committed an assault upon Bennie Hildreth.

Plaintiff Nathan Johnson, a taxpayer, sought injunctive relief against defendant city of Muskegon Heights, for the purpose of restraining it from paying any money or furnishing any services in connection with the defense of Farkas.

Johnson alleged in his bill of complaint that the defendant, through its city commission, undertook the defense of the suit against Farkas and caused the appearance of the city attorney to be entered therein. However, the parties later stipulated that, although William J. Balgooyen, city attorney, represented Farkas in the trial of the civil case, he acted as a general practitioner, and the city did not pay for these services, nor has it committed itself to pay for the defense of Farkas.

The city has appealed from a decree enjoining it from paying any money or furnishing any services in connection with the Hildreth-Farkas matter, but not restricting Balgooyen from acting in his private capacity.

The questions presented may be summarized as follows: Does the city of Muskegon Heights have the power to expend public funds for the defense

of one of its police officers who was sued in an action at law for assault and battery?

When the matter was argued in this Court, appellant city did not appear. Inquiry was made whether in the light of the stipulated facts the case was moot, and this Court requested briefs on the subject.

The language of the stipulation is unambiguous. The parties agree that the city attorney did not appear in his official capacity and that no public funds have been expended, nor has any commitment been made for such payment.

As said by the Court, speaking through Mr. Justice FEAD, in *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich 673, 676 (68 ALR 105):

"That the present act (declaratory judgment law) does not constitute a court a fountain of legal advice to fill the cups of loitering wayfarers is also amply sustained by judicial opinion."

Courts ordinarily will not decide a case or question, in or on which there is no real controversy. 1 CJS, p 1016.

"It is not our duty to pass on moot questions or abstract propositions." *Sullivan* v. *Michigan State Board of Dentistry,* 268 Mich 427, 429.

In *City of Owosso* v. *Union Telephone Co.,* 185 Mich 349, where the bill disclosed no primary injury and no threatened irreparable injury, it was said:

"Courts of equity may not lend aid by injunction in the abstract, and unconnected with any injury or damage to the person or persons asking relief."

In *Pittsburgh Plate Glass Co.* v. *Charles Klein Co.,* 177 Mich 399, the Court recognized the interesting nature of the question presented, but declined to discuss it, saying: "The decision of this Court is sought upon what in effect is a moot question." Compare *Lafayette Dramatic Productions, Inc.,* v.

*Ferentz,* 305 Mich 193, 218 (145 ALR 1158), and *Warren Township School District No. 7, Macomb County,* v. *City of Detroit,* 308 Mich 460, 467 (1 Av 1162).

Injunctive relief may not be granted on the basis of mere speculation or conjecture that public funds may be expended. See *Roberts Tobacco Company* v. *Department of Revenue,* 322 Mich 519, 525.

There being no ground for injunctive relief, the decree is vacated and one may be entered here dismissing plaintiff's bill of complaint. Costs to appellant.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.