## PEOPLE v. GONZALES.

1. COURTS—CONSTITUTIONAL LAW—ADVISORY OPINIONS.
> The Supreme Court is without constitutional authority to render advisory opinions.

2. SEARCHES AND SEIZURES—PROBABLE CAUSE.
> Searches and seizures without warrants for arrest or search may be valid, where the arresting officer has probable cause to believe a felony was being committed.

3. SAME—MOTION TO SUPPRESS—EVIDENCE.
> It was error to grant motion to suppress evidence of gun in prosecution for carrying concealed weapon without taking testimony to show whether or not the arrest and seizure were reasonable or unreasonable (US Const, Am 4; Mich Const 1908, art 2, § 10, as amended in 1952).

4. SAME—EVIDENCE—DETERMINATION AS TO REASONABLENESS—CONSTITUTIONAL LAW.
> Proviso of State Constitution whereby narcotic drugs and specified weapons were not to be barred from evidence in a criminal proceeding if seized outside the curtilage of a dwelling does not become applicable until there is a prior determination that the search and seizure was unreasonable, hence, where such a determination was lacking, the issue as to whether or not such

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Courts § 56.
[1] Power of legislature, absent constitutional provision in that regard, to authorize or require court or justices thereof to render advisory opinion upon request of governor or of either house of legislature. 103 ALR 1087.
[2] 47 Am Jur, Searches and Seizures §§ 52, 53.
[3] 20 Am Jur, Evidence § 396.
[3] Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.
[4] 20 Am Jur, Evidence §§ 394–396.
[5] 14 Am Jur, Costs § 107.

provision of the State Constitution was repugnant to the search and seizure provision of the Constitution of the United States was not properly before the court for consideration (US Const, Am 4; Mich Const 1908, art 2, § 10, as amended in 1952).

5. COSTS—PUBLIC QUESTION—SEARCHES AND SEIZURES—EVIDENCE.
No costs are allowed in prosecution for carrying concealed weapon where the people appeal from an order granting motion to suppress evidence of gun without previous determination having been made as to whether or not the arrest and seizure were reasonable or unreasonable, a public question being involved (US Const, Am 4; Mich Const 1908, art 2, § 10, as amended in 1952).

Appeal from Genesee; Gadola (Paul V.), J. Submitted April 11, 1957. (Docket No. 47, Calendar No. 46,999.) Decided September 4, 1957.

Louis Stolz Gonzales was charged with carrying a concealed weapon. Motion to suppress evidence granted. People appeal. Reversed and remanded.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Jerome F. O'Rourke,* Prosecuting Attorney, *Edward P. Joseph,* Assistant Prosecuting Attorney, for the people.

EDWARDS, J. We are asked herein to render an advisory opinion upon the question of whether or not article 2, § 10 of the Michigan Constitution (1908), as amended (1952), is repugnant to the Federal Constitution. There is no constitutional authority for this Court to render advisory opinions; nor does this case require our answer to the question posed.

The amendment under attack is as follows:

"The person, houses, papers, and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue

without describing them, nor without probable cause, supported by oath or affirmation: *Provided, however, That the provisions of this section shall not be construed to bar from evidence in any court of criminal jurisdiction, or in any criminal proceeding held before any magistrate or justice of the peace, any narcotic drug or drugs, any firearm, rifle, pistol, revolver, automatic pistol, machine gun, bomb, bomb shell, explosive, blackjack, slungshot, billy, metallic knuckles, gas-ejecting device, or any other dangerous weapon or thing, seized by any peace officer outside the curtilage of any dwelling house in this State."*

The record which comes before us advises us that a circuit judge held the provision quoted above to be violative of amendments 4 and 14 of the United States Constitution. The prosecuting attorney upon leave granted by this Court seeks reversal.

We are advised by this record that appellee Gonzales is a defendant charged with carrying a concealed weapon and that the motion the circuit judge had before him and granted was a motion to suppress evidence—namely a gun. More we do not know.

The basic Federal constitutional provision relied upon by the circuit judge is the fourth amendment:

"The right of the people to be secure in their persons, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In recent years this amendment has been held to have a limited applicability to the States as a part of the "The concept of ordered liberty" through the effect of the due process clause of the 14th amendment. *Wolf* v. *Colorado* (1949), 338 US 25 (69 S Ct

1359, 93 L ed 1782). As to application of the 14th amendment in barring admission of evidence in State prosecutions on grounds of brutality, see *Rochin* v. *California* (1952), 342 US 165 (72 S Ct 205, 96 L ed 183, 25 ALR2d 1396); and *Breithaupt* v. *Abram* (1957), 352 US 432, dissent, p 440 (77 S Ct 408, 1 L ed2d 448).

The 4th amendment to the United States Constitution and article 2, § 10 of the Michigan Constitution (1908), however, ban only "unreasonable" searches and seizures. In many instances searches and seizures without warrants for arrest or search have been upheld where the arresting officer was held to have probable cause to believe a felony was being committed. *Carroll* v. *United States* (1925), 267 US 132 (45 S Ct 280, 69 L ed 543, 39 ALR 790); *Brinegar* v. *United States* (1949), 338 US 160 (69 S Ct 1302, 93 L ed 1879); *Seawell* v. *United States* (CCA, 1957), 243 F2d 909; *People* v. *Chyc,* 219 Mich 273; *People* v. *Licavoli,* 245 Mich 202; *People* v. *Locricchio,* 342 Mich 210. See, also, CL 1948, § 764.25 (Stat Ann 1954 Rev § 28.884).

We do not know from our current record (1) where Gonzales was arrested or what he was doing at the time, (2) whether he was inside or outside the curtilage of his dwelling, (3) where the gun was found, (4) whether there was a warrant for arrest or search, and, if not, (5) what if any cause the arresting or searching officer had.

We note that at one point the prosecuting attorney sought to go into some of these questions and that the judge stopped him:

*Mr. Joseph:* "The amendment concerns the introduction of guns and narcotics. At this time the people would like to present before the court the question of whether or not this factual situation comes within that amendment to article 2, § 10.

*"The Court:* That is not what we were back here for. We wanted it squarely upon the question of the constitutionality, so we can get a decision from the Supreme Court."

We believe the trial judge should have taken testimony on the motion to suppress the evidence, and made a prior determination as to whether the arrest and seizure were reasonable or unreasonable. We cannot assume that the seizure was unreasonable in the total absence of proofs. There being no facts upon which a finding of unreasonable search and seizure could be based the proviso of article 2, § 10 of the Michigan Constitution (1908) plainly has no applicability to the case before us.

The motion to suppress evidence should not have been granted on this record. This case is remanded to the trial court to take such testimony as is needed to establish the reasonableness or unreasonableness of the search and seizure concerned. No costs, a public question being involved.

DETHMERS, C. J., and SMITH, VOELKER, KELLY, CARR, and BLACK, JJ., concurred with EDWARDS, J.

SHARPE, J., concurred in the result.