ROZANKOVICH v KALAMAZOO SPRING CORPORATION (ON REHEARING)

APPEAL AND ERROR—MOOT QUESTION.

> Courts will not decide a question when there is no longer any dispute between the present litigants because courts ordinarily do not render advisory opinions or enter decrees striking down acts of the Legislature on the strength of stipulations by agreeable litigants and will not decide a case or question in or on which there is no real controversy.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 October 12, 1971, at Detroit. (Docket No. 10884.) Decided January 18, 1973.

Evelyn Rozankovich presented her claim for unemployment benefits against her employer, Kalamazoo Spring Corporation. Benefits denied. The plaintiff appealed to circuit court. Affirmed. Plaintiff appealed. Reversed and remanded. Rehearing granted to plaintiff. Opinion unmodified.

*Stephen I. Schlossberg, John A. Fillion,* and *Jordan Rossen,* for plaintiff on rehearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George M. Blaty,* Assistant Attorney General, for defendant Michigan Employment Security Commission.

Before: LEVIN, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 760–763.

## On Rehearing

Levin, P. J. The plaintiff, Evelyn Rozankovich, moved for rehearing and the Attorney General, representing the Michigan Employment Security Commission, consented to a rehearing. Our order granting a rehearing provided that the rehearing would be limited to the constitutionality of the pregnancy provision of § 28(1)(c) of the Employment Security Act which provides that "a pregnant woman shall be ineligible to receive benefits for any week within the period beginning with the tenth calendar week before expected confinement, as determined by a physician, and extending through the sixth calendar week following the termination of pregnancy". MCLA 421.28(1)(c); MSA 17.530(1)(c). The employer, Kalamazoo Spring Corporation, did not file a brief either at the time of the original hearing or in connection with the rehearing.

In our previously filed opinion in this case we said:

"The Attorney General of Michigan has ruled that § 28(1)(c) of the Michigan Employment Security Act is unconstitutional, and we have been advised that the Employment Security Commission accepts his decision. Accordingly, we do not consider the constitutionality of that section of the act." *Rozankovich v Kalamazoo Spring Corp,* 41 Mich App 717, 722 (1972).

On rehearing the plaintiff explains the need for a decision by our Court thus:

"This court was correctly advised that the *Commission* accepts said decision of the Attorney General. However, the appeal board and various referees, in September, 1972, refused to accept the Attorney General's decision until a *court* so rules." (Emphasis by author.)

The Attorney General's answering brief for the Michigan Employment Security Commission joins with the plaintiff in urging us to hold the pregnancy provision of § 28(1)(c) of the act to be unconstitutional.

We surmise from the appeal board's refusal to follow the Attorney General's opinion that there are employers who contend that the pregnancy provision is valid. No one is now before us representing the interests of such employers.

We recognize that the issue is not moot and that it is likely to be a source of continuing controversy until resolved by an appellate court. However, there is no longer any dispute between the present litigants regarding the constitutionality of this section of the act and we, therefore, do not have before us briefs and arguments on both sides of the controversy.

Competitive briefs frequently sharpen the issues and are of great assistance in deciding the question at hand. Without adversaries we are deprived of the benefit of competitive presentations, and any opinion we might express would be entitled to little weight as precedent because in reality we would not be deciding a question but, rather, merely obliging the litigants before us. See 20 Am Jur 2d, Courts, § 193, p 529.

Courts ordinarily do not render advisory opinions *(People v Gonzales,* 349 Mich 572, 573 [1971]), nor do they enter decrees striking down acts of the Legislature on the strength of stipulations signed by agreeable litigants. As expressed in *Johnson v Muskegon Heights,* 330 Mich 631, 633 (1951), "Courts ordinarily will not decide a case or question in or on which there is no real controversy".

Accordingly, we conclude that our opinion previously filed in this case should remain unmodified.

All concurred.