## PEOPLE v WILCOX

Docket No. 114526. Submitted January 10, 1990, at Detroit. Decided May 7, 1990. Leave to appeal applied for.

Sabrina Wilcox was charged in the Recorder's Court for the City of Detroit with possession of marijuana with intent to deliver. In mid-trial, the trial court, Henry L. Heading, J., dismissed the charge because he wanted the Court of Appeals to render an advisory opinion on a question involving an arrest without a warrant. The prosecutor appealed.

The Court of Appeals *held:*

1. The trial court erred when it dismissed the charge in an effort to obtain an advisory opinion regarding an issue which has no bearing on defendant's guilt or innocence or the presentation of proofs with respect to the crime charged.

2. An advisory opinion is not warranted in this case.

3. The qualified consent to the dismissal given by defense counsel cannot be construed as a waiver of the prohibition against double jeopardy.

4. The dismissal was not required by manifest necessity.

5. The reinstatement of the charges against defendant is barred by the constitutional prohibition against double jeopardy. The prosecutor's appeal is barred. On remand, the court shall enter an order dismissing the charge with prejudice.

Affirmed and remanded.

GRIFFIN, P.J., dissented. While agreeing that the trial court erred in granting the dismissal and that an advisory opinion is not warranted, he believes that under the circumstances of this case, where defendant requested and consented to a dismissal

REFERENCES

Am Jur 2d, Appeal and Error §§ 268, 760-763; Criminal Law §§ 264, 285.

Former jeopardy as bar to retrial of criminal defendant after original trial court's sua sponde declaration of a mistrial—state cases. 40 ALR4th 741.

What constitutes "manifest necessity" for state prosecutor's dismissal of action, allowing subsequent trial despite jeopardy's having attached. 14 ALR4th 1014.

on different grounds, defendant's right against double jeopardy would not be violated by reinstatement and retrial of the charge. He would reverse and remand for trial.

1. CRIMINAL LAW — MISTRIAL.

A judge should not sua sponte declare a mistrial and dismiss the case without first considering viable alternative measures to cure a defect in the proceedings, unless an examination of the alternatives would be futile.

2. CRIMINAL LAW — MISTRIAL — ADVISORY OPINIONS.

A trial court errs in dismissing a criminal charge against a defendant in an effort to obtain an advisory opinion regarding an issue which has no bearing on the defendant's guilt or innocence or the presentation of proofs with respect to the crime charged.

3. CRIMINAL LAW — MISTRIAL — DOUBLE JEOPARDY — CONSENT — MANIFEST NECESSITY.

The retrial of a defendant is not prevented by the prohibitions against double jeopardy when a trial court's sua sponte dismissal in the original proceeding was ordered after jeopardy had attached where the defendant consented to the order of dismissal or the dismissal was required by manifest necessity; conditional consent when the defendant has no control over the course to be followed is not a waiver of the prohibition against double jeopardy.

4. CRIMINAL LAW — MISTRIAL — MANIFEST NECESSITY.

An important consideration in the determination whether a dismissal of a trial was required by manifest necessity is whether the nature of the defect perceived by the judge was such that, if a guilty verdict had been rendered, the conviction would have had to have been reversed on appeal.

*Frank J. Kelley,* Attorney General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly,* for defendant.

Before: Griffin, P.J., and Reilly and R. B. Burns,* JJ.

Reilly, J. Defendant Sabrina Wilcox was charged with possession of marijuana with intent to deliver, MCL 333.7401(2)(c); MSA 14.15 (7401)(2) (c). In mid-trial the trial judge dismissed the charge because he wanted this Court to render an advisory opinion on a question involving an arrest without a warrant. The prosecutor now appeals as of right subject to the double jeopardy prohibition of MCL 770.12(1); MSA 28.1109(1).[1] We are constrained to affirm the dismissal, but for reasons other than those stated by the trial court. Further, the dismissal shall be with prejudice.

The dispositive issue on appeal is whether reinstatement of the charge against defendant is barred by the constitutional prohibition against double jeopardy. US Const, Am V; Const 1963, art 1, § 15. A preliminary statement of the operative facts is necessary to our discussion.

On November 30, 1988, trial in the instant action commenced in a normal manner with the impaneling of a jury. Detroit Police Officer Keith Terry was the third prosecution witness. He testified that on July 1, 1988, he observed a confidential police informant make a controlled purchase of cocaine at 4438 Lakepointe in the City of Detroit. The cocaine was purchased from an individ-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] (1) The people of this state may take an appeal of right in a criminal case, if the protection against double jeopardy under section 15 of article I of the state constitution of 1963 and amendment V of the constitution of the United States would not bar further proceedings against the defendant, from either of the following:

(a) A final judgment or final order of the circuit court or recorder's court, except a judgment or order of the circuit court or recorders's court on appeal from any other court.

(b) A final judgment or order of a court or tribunal from which appeal of right has been established by law.

ual named "Tim." No arrests were made at that time.

On July 6, 1988, Terry secured a search warrant for the above residence. On July 7, 1988, several police officers executed the search warrant and arrested defendant, who was seen holding a cookie tin which, upon examination, was found to contain eight baggies of marijuana along with $203 in United States currency.

During a lengthy discourse initiated by the trial judge, Terry stated that he would not have been able to enter the house and arrest "Tim" immediately following the informant's purchase of cocaine because he would have needed a search warrant. Terry added that it is departmental policy to obtain a search warrant under such circumstances because (1) the informant would not be required to sign a complaint and reveal his identity, (2) additional officers could then be provided to assist as a precautionary safety measure, and (3) the officers would be permitted to search the entire house for hidden narcotics. In response, the trial court stated that Terry should have entered the house without a warrant and arrested "Tim" immediately following the informant's purchase of cocaine. The trial judge then sua sponte dismissed the case because he wanted an advisory opinion from an appellate court on the narrow issue whether a police officer can enter a private residence to make an arrest without a warrant of an individual who has just completed a narcotics sale to an informant.

We believe the trial court erred when it dismissed the charge in an effort to obtain an advisory opinion regarding an issue which has no bearing on defendant's guilt or innocence or the presentation of proofs with respect to the crime charged. A judge should not sua sponte declare a

mistrial and dismiss the case without first considering viable alternative measures to cure a defect in the proceedings, *United States v Jorn,* 400 US 470, 483-485; 91 S Ct 547; 27 L Ed 2d 543 (1971), unless the examination of alternatives would be futile. *United States v Grasso,* 552 F2d 46, 52, n 2 (CA 2, 1977). Moreover, this Court does not ordinarily render advisory opinions and we do not believe that this unrelated issue warrants such an opinion in this case. *People v Gonzales,* 349 Mich 572; 84 NW2d 753 (1957); *Gracey v Grosse Pointe Farms Clerk,* 182 Mich App 193; 452 NW2d 471 (1989).

However, we must still decide whether reinstatement of charges against defendant, following dismissal under these circumstances, is barred by the constitutional prohibition against double jeopardy.

The United States and Michigan Constitutions prohibit a defendant from being placed in double jeopardy. US Const, Am V; Const 1963, art 1, § 15. When a trial judge's sua sponte dismissal in the original proceeding is ordered after jeopardy has attached, retrial is not prevented by the double jeopardy prohibitions in two circumstances: (1) where the defendant consents to the order of dismissal or (2) where the dismissal was required by manifest necessity. *People v Little,* 180 Mich App 19, 22; 446 NW2d 566 (1989).

Our review of the lower court record leads us to conclude that the qualified consent given by defense counsel does not suffice to avoid double jeopardy. After the trial court made its ruling dismissing the case, defense counsel agreed to the dismissal subject to any rights his client might have against reinstatement of charges which would result in double jeopardy. In response, the trial judge stated that the record was protected for purposes of appeal. Such conditional consent when

the defense counsel had no control over the course
to be followed cannot be construed as a waiver of
the prohibition against double jeopardy. *United
States v Dinitz,* 424 US 600, 607-609; 96 S Ct 1075;
47 L Ed 2d 267 (1976); *People v Benton,* 402 Mich
47, 54; 260 NW2d 77 (1977) (opinion of LEVIN, J.).
Accordingly, we must determine whether the doc-
trine of manifest necessity bars retrial.

It is difficult to precisely define what constitutes
"manifest necessity." Examples include the failure
of the jury to agree upon a verdict, misconduct on
the part of a juror, or an incurable defect in an
indictment or the proceedings. *Benton, supra,* pp
56-57. An important consideration is whether the
nature of the defect perceived by the judge was
such that, if a guilty verdict had been rendered,
the conviction would have had to have been re-
versed on appeal. *Benton, supra,* pp 56-57, 59.

We do not believe that there was any defect in
the proceedings precipitating the dismissal, let
alone a defect which would have mandated the
reversal of defendant's conviction on appeal. We
are unwilling to extend the doctrine of "manifest
necessity" to include a situation where a trial
judge seeks an advisory opinion on an issue having
no bearing on the presentation of the proofs or the
outcome of the case. Consequently, the reinstate-
ment of criminal charges against defendant is
barred by the constitutional prohibition against
double jeopardy. The prosecutor's appeal is barred
as well.

The order of dismissal is affirmed. The case is
remanded for entry of an order dismissing the
charge with prejudice.

R. B. BURNS, J., concurred.

GRIFFIN, P.J. *(dissenting).* The prosecutor ap-

peals a mid-trial dismissal of the charge against the defendant for possession of marijuana with intent to deliver, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). I would reverse and remand for trial.

I

During Officer Terry's testimony, the defendant moved to dismiss the charge on the grounds that the defendant was arrested in violation of her rights to be free against unreasonable searches and seizures. The mid-trial defense motion to dismiss was primarily focused upon the search warrant which, according to the defendant, was defective because it referred to cocaine rather than marijuana. The lower court denied defendant's mid-trial motion for dismissal without any discussion other than stating "you're wrong on that issue."

One hour later, while Officer Terry was still testifying, the trial judge reversed himself and granted dismissal of the case. Although defense counsel raised concerns as to double jeopardy, the mid-trial dismissal was nevertheless consented to by the defendant:

*Mr. Bass [defense counsel]: I'm in agreement, of course, with the Court's dismissing this case,* but from the viewpoint of the rights of this defendant how—what kind of bearing is that?

It is clear from the record that when the trial judge ordered the charge dismissed the judge was seeking an advisory opinion from this Court as to a search and seizure issue. What is not entirely clear is the lower court's basis for dismissal. During Officer Terry's testimony, the trial judge sug-

gested that the police should have arrested "Tim" on July 1, 1988, immediately after the controlled purchase at the residence. It follows that if an immediate arrest had been made on July 1, 1988, the search warrant issued on July 6, 1988, and search of the residence on July 7, 1988, would not have been necessary.

In regard to the right of the officers to enter the residence on July 1, 1988, for the limited purpose of arresting "Tim," the trial judge stated:

> *The Court:* . . . I think we all agree that *you could not go in there and search,* but there is a question of whether or not you could go in and arrest. And my feeling is that under these circumstances an officer should have the right to go in that home immediately and arrest a person who is selling drugs. Now, that's my feeling.

In dismissing the case, the trial court specified that he wished an advisory ruling on this issue. By implication, however, the trial judge also ruled that the officers should have entered the residence on July 1, 1988, for the limited purpose of arresting "Tim" and that, therefore, the subsequent search of the defendant on July 7, 1988, was unnecessary and unreasonable.

Although the trial judge expressed his personal view that a Fourth Amendment violation had not occurred, he nevertheless dismissed the case by citing a dismissal of an unrelated case by his fellow Recorder's Court Judge Vera Massey Jones:

> *The Court:* . . . And you've told me that Judge Jones dismissed your case?
>
> *The Witness [Officer Terry]:* That's correct.
>
> *The Court:* All right. I'm going to dismiss this one.
>
> *Mr. Reuther [assistant prosecuting attorney]:*

Your Honor, I haven't had the opportunity to ask this officer some questions. I think that I can . . .

*The Court:* No, I want that question settled. I think the police should have that right.

II

The first issue raised is whether the trial court erred by dismissing the charge. I would hold that, under these circumstances, the court clearly erred by granting the dismissal. The search of the premises pursuant to the search warrant was valid and the buy and subsequent "bust" of the premises were legal. See generally *People v Gillam,* 93 Mich App 548, 552-553; 286 NW2d 890 (1979); MCL 780.653; MSA 28.1259(3).

III

As to the trial judge's request for an advisory opinion, we should decline to render such an opinion. Our docket consists of true cases and controversies and we routinely decline invitations to render advisory opinions on issues unnecessary for the disposition of appeals. See *Rozankovich v Kalamazoo Spring Corp (On Rehearing),* 44 Mich App 426; 205 NW2d 311 (1973); *Johnson v Muskegon Heights,* 330 Mich 631; 48 NW2d 194 (1951).

IV

The final issue raised is whether reinstatement and retrial of the charge would violate the defendant's constitutional rights against double jeopardy. I would hold that defendant's constitutional rights would not be violated by reinstatement and retrial.

First, I note that a mid-trial dismissal of the

charge on Fourth Amendment grounds was sought and requested by the defendant. Although the basis for the dismissal relied upon by the trial judge was not argued by the defendant, the result was advocated by defense counsel.

Second, the transcript indicates that although defense counsel expressed concern as to double jeopardy, defendant nevertheless consented to the dismissal. Under such circumstances, I find no double jeopardy violation. See *United States v Scott,* 437 US 82; 98 S Ct 2187; 57 L Ed 2d 65 (1978), *United States v Dinitz,* 424 US 600; 96 S Ct 1075; 47 L Ed 2d 267 (1976), and *People v Dawson,* 431 Mich 234, 253; 427 NW2d 886 (1988).

Accordingly, I respectfully dissent and would reverse and remand for trial.