# STATE OF MICHIGAN

# COURT OF APPEALS

JACLYN SHOSHANA LEVINE,

Plaintiff-Appellant,

v

BRIARWOOD HOMEOWNERS ASSOCIATION
OF OKEMOS,

Defendant-Appellee.

UNPUBLISHED
October 16, 2014

No. 317690
Ingham Circuit Court
LC No. 12-001032-CZ

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order that did not grant her a declaratory judgment against defendants. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a homeowner in the Briarwood subdivision in Okemos, and she owns a German Sheppard. When the dog was a puppy, plaintiff sought defendant Briarwood Homeowners Association's ("Briarwood's") permission to build a fence outside her home so that the dog would have a secure outdoor space. When Briarwood rejected her application to do so,[1] plaintiff brought this action in the Ingham Circuit Court, and asked the court to, among other things: (1) issue a declaratory judgment stating that her proposed fence was acceptable under Briarwood's restrictive covenants; and (2) enjoin Briarwood from interfering with its construction.

---

[1] Briarwood, however, failed to comply with its own restrictive covenants when it rejected plaintiff's application—the covenants state that Briarwood is required to answer an application for architectural changes within 30 days of submission, and it failed to answer plaintiff's application within that time period.

-1-

The trial court granted plaintiff partial summary disposition pursuant to MCR 2.116(C)(10),[2] because defendant failed to respond to plaintiff's fence building application within 30 days, as required by defendant's own restrictive covenants.[3] However, the trial court did not address whether plaintiff was entitled to a declaratory judgment stating that her proposed fence was acceptable under Briarwood's restrictive covenants. Accordingly, the trial court's ruling permitted plaintiff to build her fence, but did not grant the declaratory relief she sought.

On appeal, plaintiff argues that the trial court erred when it did not grant her request for a declaratory judgment against Briarwood. Specifically, she asserts that a declaratory judgment is necessary to protect her ability to build a fence because Briarwood has supposedly placed a "moratorium" on all new fence construction.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817, 823 (1999). When analyzing a motion for summary disposition under MCR 2.116(C)(10), we "consider[] affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. at 120.

## III. ANALYSIS

As our Supreme Court recently stated, "it is well established that a court will not decide moot issues. This is because it is the principle duty of [a] Court to decide actual cases and controversies." *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010) (internal citation and quotation marks omitted), amended 784 NW2d 204 (2010). An issue "becomes moot when an event occurs that renders it impossible for the reviewing court to grant relief." *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013). Put another way, courts do not review moot actions because doing so "would be a purposeless proceeding." *Richmond*, 486 Mich at 35 (internal quotation marks omitted).

---

[2] The trial court initially held that there was a genuine issue of material fact as to whether defendant responded to plaintiff's fence application within 30 days, as required by the association's covenants, but our Court held on appeal that this decision was based on a misreading of the plain language of the covenants. *Levine v Briarwood Homeowners Ass'n*, unpublished order of the Court of Appeals, April 28, 2013 (Docket No. 315363). The trial court subsequently modified its holding on remand and ruled that defendant had failed to respond to plaintiff's fence application within 30 days—meaning that plaintiff's fence complied with the Association's restrictive covenants and that she was free to build it.

[3] Again, as mentioned in n 1, supra, Briarwood's restrictive covenants require a committee or the Association's board of directors to approve or disapprove of proposed architectural changes to neighborhood properties within 30 days of application.

Here, plaintiff's action is moot. The trial court effectively held that plaintiff's planned fence complied with Briarwood's restrictive covenants because Briarwood did not respond to plaintiff's building application within 30 days. Moreover, plaintiff provides no evidence to support her contention that Briarwood placed a "moratorium" on all new fence construction in her community, beyond a notice on the association's website that stated it would no longer accept new applications for fence construction. There is no evidence in the record that Briarwood has changed its restrictive covenants to bar fence construction, or that it has placed any legal restrictions on its residents to prevent them from doing so. Even if Briarwood had changed its restrictive covenants to bar new fence construction, plaintiff's fence would not be subject to that restriction, as the trial court already granted her the right to build her fence in its partial grant of summary disposition.

Plaintiff is thus free to build the fence, making her action over whether she may build a fence "a purposeless proceeding." *Richmond*, 486 Mich at 35. We cannot "grant [plaintiff] relief" that she already possesses. *CD Barnes Assoc*, 300 Mich App at 406. Nor do we render advisory opinions. *Rozankovich v Kalamazoo Spring Corp (On Rehearing)*, 44 Mich App 426, 428; 205 NW2d 311 (1973). Plaintiff's legal rights were properly vindicated at the trial court and do not require any further vindication by our Court. In light of our holding, we need not address defendant's remaining issues, which are without merit.

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

-3-