# STATE OF MICHIGAN

# COURT OF APPEALS

---

ROGER SKINDELL,

        Plaintiff-Appellee,

v

JESSICA SKINDELL,

        Defendant-Appellee,

and

THOMAS MANNESTO,

        Intervening Plaintiff-Appellant.

UNPUBLISHED
July 19, 2016

No. 326574
Lapeer Circuit Court
LC No. 08-040090-DM

---

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

BOONSTRA, J. (*concurring in part and dissenting in part*).

I concur in the majority opinion, except as noted below. Most significantly, given the current state of the law, the trial court erred in relying upon the lead opinion in *Helton v Beaman*, 304 Mich App 97; 850 NW2d 515 (2014), aff'd 497 Mich 1001 (2015). The trial court's order must therefore be reversed and remanded for further proceedings.

I dissent, however, from Part I(B) of the majority opinion, not because I necessarily disagree with the majority regarding the appropriate evidentiary standard, but because I would not reach the evidentiary issue at this juncture. The trial court's order held that "Petitioner will have to present clear and convincing evidence that a change in the custodial environment is in the child's best interest pursuant [sic] MCLA 722.23 which then goes to the standard best interest factors." In other words, to the extent that the trial court referenced an "evidentiary standard," it was inextricably linked with its now-faulty determination that, per *Helton*, it needed to look to the child custody act.

Given the fact that we are reversing the trial court because of its reliance on *Helton*, and no evidentiary hearing has yet been held, we are not in a position to know what evidentiary

-1-

standard the trial court will apply on remand.[1]  Nor has plaintiff or defendant briefed the issue in this Court.  The issue of the evidentiary standard to be applied in best interest hearings held pursuant to the Revocation of Paternity Act is an important one, and it merits full consideration on a complete record.  Although it may seem inefficient, "this Court does not ordinarily render advisory opinions."  *People v Wilcox*, 183 Mich App 616, 620; 456 NW2d 421 (1990).

I otherwise concur in the majority opinion.


/s/ Mark T. Boonstra

---

[1] I note that the trial court in *Demski v Petlick*, 309 Mich App 404; 873 NW2d 596 (2015), upon which the majority relies, applied a clear and convincing evidence standard, and this Court affirmed.  However, in the context of what was before it, this Court in *Demski* did not expressly address the appropriate evidentiary standard.