# STATE OF MICHIGAN

# COURT OF APPEALS

---

SPECTRUM HEALTH HOSPITALS,

        Plaintiff-Appellee,

v

WOLVERINE MUTUAL INSURANCE
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
March 27, 2018

No. 336479
Kent Circuit Court
LC No. 13-008187-NF

---

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

In this action between an insurer and a provider under the no-fault act, MCL 500.3101 *et seq.*, defendant, Wolverine Mutual Insurance Company ("Wolverine"), appeals as of right a final order in favor of plaintiff, Spectrum Health Hospitals ("Spectrum"), following a jury trial. We hold that *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017) and its progeny require us to vacate the judgment and remand for further proceedings.

## I. BASIC FACTS

Bolivar Gonzalez, Jr. was injured in a motorcycle accident on August 31, 2012. Spectrum provided medical care from August 31, 2012 to September 5, 2012, September 9, 2012 and April 10, 2013. Its charges totaled $63,758.08. Wolverine tendered $38,874.32. Spectrum filed suit on August 28, 2013, seeking the balance, as well as penalty interest and attorney fees. Wolverine subsequently tendered payment of $44,630.66 in the Gonzalez case. A December 30, 2013 amended complaint sought the balance.

In addition, this amended complaint added allegations regarding another patient – Alice Nunn, who was injured in an automobile accident on June 16, 2013. Spectrum provided healthcare to Nunn from June 16, 2013 to June 25, 2013. Its charges totaled $64,139.41. Wolverine, as no-fault insurer, tendered $22,448.80. As with the Gonzalez matter, Spectrum sought the balance, as well as penalty interest and attorney fees.

After hearing from just one witness, the jury returned a verdict that Spectrum's charges were reasonable. Spectrum then moved for penalty attorney fees under MCL 500.3148(1). Wolverine argued that it was not liable for no-fault attorney fees because there was a reasonable dispute over what criteria could be used to determine reasonableness. Wolverine maintained that

-1-

it had a statutory obligation to question the reasonableness of Spectrum's fees and that the statutory scheme left open what criteria could be used. The trial court disagreed and granted Spectrum's motion for attorney fees.

Wolverine now appeals as of right, challenging a number of pre- and post-trial rulings.

## II. *COVENANT*

While this appeal was pending, our Supreme Court decided *Covenant*. That decision clarified that healthcare providers do not have an independent statutory cause of action against insurers to recover no-fault personal protection benefits. *Covenant*, 500 Mich 195-196, 217-218. *Covenant* was made retroactive for cases on direct appeal in *W A Foote Mem Hosp v Michigan Assigned Claims Plan*, 321 Mich App 159 (2017). Following oral argument, we asked the parties for additional briefing regarding the impact and application of *Covenant* and *W A Foote*.

In its supplemental brief, Wolverine writes:

> Enough. What does anyone expect Wolverine to do at this point if offered the opportunity to end this bloodbath and walk away, free and clear, and all Wolverine has to do in exchange is give up its request that this Court decide the issues on appeal?

> It is clear from the factual history of this case that Wolverine has been motivated throughout by its belief that the current paradigm being applied in the trial courts has long ago become unmoored from the actual text of the No-Fault Act. Opposition to Wolverine raising this question has been fierce and relentless with the intent of making Wolverine an example to other insurers not to take on this issue. Wolverine does not have the resources to carry this burden for the no-fault system. If asked by other insurers, Wolverine will advise them not to try either. No good deed goes unpunished. To the extent a resolution which ends the litigation, but leaves the underlying issues undecided, is a defeat for Wolverine, so be it.

> But to one thing Wolverine does not consent. If the intent of this Court is not to end this litigation but to remand to the Trial Court for a consideration of the application of *Covenant*, with motions, counter-motions, amended pleadings, and then more motions, then possibly a second jury trial, then a second round of appeals, leading five years down the road with Wolverine in the exact same position it is today, only with more attorney fees, more penalties, and more penalty interest incurred, why would Wolverine agree to that? The Trial Court is in no better position to decide *Covenant* issues than this Court. Any Trial Court rulings in relation to *Covenant* will end up in this Court eventually.

Be that as it may, this Court does not issue advisory opinions. See *People v Wilcox*, 183 Mich App 616, 620; 456 NW2d 421 (1990). The fact remains that under *Covenant* and its progeny, Spectrum did not have a statutory right to bring these actions in the first place. "[A] determination that a plaintiff lacks statutory standing to assert a cause of action is essentially the equivalent of concluding that a plaintiff cannot bring *any* action in reaction to an alleged legal

violation." *Miller v Allstate Ins Co*, 481 Mich 601, 609; 751 NW2d 463 (2008). Be that as it may, this Court does not issue advisory opinions. See *People v Wilcox*, 183 Mich App 616, 620; 456 NW2d 421 (1990). "The principle of statutory standing is jurisdictional; if a party lacks statutory standing, then the court generally lacks jurisdiction to entertain the proceeding or reach the merits." *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013), citing *Miller*, 481 Mich at 608–612; see also *Maki Estate v Coen*, 318 Mich App 532, 539 n 1; 899 NW2d 111 (2017) ("Statutory standing is a jurisdictional principle . . ."). This is similar or akin to subject-matter jurisdiction, and jurisdiction to hear and determine a case cannot be conferred by consent, waiver, or estoppel. *In re AMB*, 248 Mich App 144, 166; 640 NW2d 262 (2001).

We find further support in a case released shortly after oral arguments. In *Bronson Healthcare Group, Inc v Michigan Assigned Claims Plan*, ___ Mich App ___; ___ NW2d ___ (Docket No. 336088, issued March 8, 2018), this Court concluded that *Covenant* was controlling. While the *Bronson* appeal was pending, plaintiffs, the Michigan Assigned Claims Plan (MACP) and the Michigan Automobile Insurance Placement Facility (MAIPF), asked the Court to remand for entry of judgment in its favor in light of the recent *Covenant* decision. The provider argued that such action would be inappropriate because the issue was never raised or addressed in the lower courts. *Bronson*, slip op, p 2. This Court concluded that it had the power to exercise its discretion to review *Covenant* arguments not previously raised or addressed. It concluded:

> In this case, *Covenant* is clearly dispositive with regard to plaintiff's claims against defendants. Quite simply, as a healthcare provider, plaintiff has no independent statutory claim against defendants. *Covenant*, 500 Mich at 195, 895 NW2d 490; *W A Foote Mem Hosp*, 321 Mich App at 172-173. Under *Covenant*, defendants are entitled to summary disposition because plaintiff has no cause of action against defendants, and thus, plaintiff has failed to state a claim on which relief may be granted. See MCR 2.116(C)(8). [*Bronson*, slip op, p 2.]

The Court added that "a defense of 'failure to state a claim on which relief can be granted' cannot be waived." *Id*. However, this Court agreed that the provider should be given an opportunity to amend its pleadings:

> Alternatively, plaintiff argues that, if *Covenant* does apply to this case, plaintiff should be given the opportunity to amend its complaint to pursue benefits on an assigned claim theory because plaintiff can establish that the injured party treated by plaintiff assigned her claims to plaintiff. In this regard, we note that an agreement to assign a "right to benefits payable in the future is void." MCL 500.3143. However, an injured person may assign "his or her right to past or presently due benefits to a healthcare provider." *Covenant Med Ctr, Inc*, 500 Mich at 217 n 40; 895 NW2d 490. In *Covenant*, the Court expressly recognized that a healthcare provider's inability to bring a direct cause of action did not alter the injured party's ability to assign past or presently due benefits. *Id*. Given this fact, we agree that, in the circumstances presented in this case, plaintiff should be given an opportunity to move the district court to amend its complaint. See *W A Foote Mem Hosp*, 321 Mich App at 196. [*Bronson*, slip op, p 3.]

-3-

Similarly, we remand this case for further proceedings. As Wolverine points out, there are a number of post-*Covenant* issues that must be decided. Again, because Spectrum had no statutory standing to bring the suit in the first instance and because we do not issue advisory opinions, the matter must be sent back to the circuit court.

Vacated and remanded to the district court for further proceedings. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly