# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON METHODIST HOSPITAL,

Plaintiff-Appellee,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN and FARM
BUREAU GENERAL INSURANCE COMPANY
OF MICHIGAN,

Defendants-Appellants.

UNPUBLISHED
March 27, 2018

No. 333275
Kalamazoo Circuit Court
LC No. 2015-000541-AV

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

Defendants, Farm Bureau Mutual Insurance Company of Michigan and Farm Bureau General Insurance Company of Michigan ("defendant" or "Farm Bureau"), appeal by leave granted,[1] a circuit court order that affirmed a district court order granting plaintiff, Bronson Methodist Hospital ("Bronson"), attorney fees under MCL 500.3148(1) of Michigan's no-fault law, MCL 500.3101 *et seq*. We hold that *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017) and its progeny require us to vacate the circuit court's order and remand for further proceedings.

## I. BASIC FACTS

On July 3, 2012, Jeremiah Parker was injured in a motor vehicle accident. Bronson provided medical services and products and charged a total of $175,939.62. That amount included $55,116.92 for implant products. Bronson submitted the medical bills to Farm Bureau for reimbursement. Justin Klaver, Farm Bureau's claims representative for Parker's claim, testified that it was Farm Bureau's policy to pay the wholesale cost of the implant products plus 50%. Bronson filed suit, seeking the difference between what it billed for the implant products and what Farm Bureau paid.

---

[1] *Bronson Methodist Hosp v Farm Bureau Mut Ins Co*, unpublished order of the Court of Appeals, entered September 19, 2016 (Docket No. 333275).

On June 28, 2013, Bronson provided medical care, including transplant products, for Eric DeRyke, another of Farm Bureau's insureds. Sara Parks, Farm Bureau's claims representative for the DeRyke claim, testified that, as in the Parker case, Farm Bureau paid the amount billed less the amount of the surgical implant products, which was paid at cost plus 50%. Bronson filed suit regarding DeRyke on January 1, 2014. The two cases were consolidated by order of April 1, 2014.

The two matters were tried jointly before a jury. At the close of proofs, the district court granted a directed verdict for Bronson on the issues of whether Bronson had provided Farm Bureau with reasonable proof of the fact and amount of loss and whether Bronson's charges were its "customary" charges. The reasonableness of Bronson's charges was the only question that went to the jury. The jury ultimately concluded that Bronson's charges were reasonable for both claims. Farm Bureau paid the amount of the judgment and filed satisfaction of judgments on May 28, 2015.

Bronson then filed a motion for no-fault attorney fees under MCL 500.3148(1) based on its claim that Farm Bureau unreasonably refused to pay the claim. The district court agreed that

Bronson was entitled to attorney fees because Farm Bureau had unreasonably refused to pay the claims. It awarded Bronson approximately $73,000 in attorney fees for the two cases.

On appeal from the district court, the circuit court agreed that Farm Bureau failed to make a proper determination of what was reasonable and that Farm Bureau's cookie-cutter approach in reimbursement for medical implants was unreasonable.

Farm Bureau appeals by leave, arguing that an award of attorney fees was inappropriate in light of this Court's ruling in *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431 (2012). It also argues that the lower courts erred in failing to consider certain expert testimony.

## II. *COVENANT*

While this appeal was pending, our Supreme Court decided *Covenant*. That decision clarified that healthcare providers do not have an independent statutory cause of action against insurers to recover no-fault personal protection benefits. *Covenant*, 500 Mich 195-196, 217-218. *Covenant* was made retroactive for cases on direct appeal in *W A Foote Mem Hosp v Michigan Assigned Claims Plan*, 321 Mich App 159 (2017). Following oral argument, we asked the parties for additional briefing regarding the impact and application of *Covenant* and *W A Foote*.

In its brief, Farm Bureau writes:

Farm Bureau did not plead as a defense that Bronson had no standing to assert a direct provider claim for no-fault benefits, and Farm Bureau does not raise the defense at this time. The issue raised in this appeal is whether Farm Bureau can demonstrate that it reasonably refused to pay full gross charges by demonstrating that, under the normal rules of evidence, there was a genuine issue of fact with regard to the reasonableness of gross charges. This issue is not moot, has system-wide significance for the administration and application of the No-Fault Act, and

must be decided sooner or later. Even if the issues were moot in this case, which they are not, the issues are of sufficient importance to warrant decision.

Acknowledging that this Court has the authority to dismiss the appeal pursuant to MCR 7.216(7) because of *Covenant*, Farm Bureau nevertheless asks "what would be the purpose of such a ruling?" Especially when none of the many pending cases like these will simply "go away," which Farm Bureau describes as "a mere hiccup in the progression of provider suits." Be that as it may, this Court does not issue advisory opinions. See *People v Wilcox*, 183 Mich App 616, 620; 456 NW2d 421 (1990). The fact remains that under *Covenant* and its progeny, Bronson did not have a statutory right to bring these actions in the first place. "[A] determination that a plaintiff lacks statutory standing to assert a cause of action is essentially the equivalent of concluding that a plaintiff cannot bring *any* action in reaction to an alleged legal violation." *Miller v Allstate Ins Co*, 481 Mich 601, 609; 751 NW2d 463 (2008). "The principle of statutory standing is jurisdictional; if a party lacks statutory standing, then the court generally lacks jurisdiction to entertain the proceeding or reach the merits." *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013), citing *Miller*, 481 Mich at 608–612; see also *Maki Estate v Coen*, 318 Mich App 532, 539 n 1; 899 NW2d 111 (2017) ("Statutory standing is a jurisdictional principle . . ."). This is similar or akin to subject-matter jurisdiction, and jurisdiction to hear and determine a case cannot be conferred by consent, waiver, or estoppel. *In re AMB*, 248 Mich App 144, 166; 640 NW2d 262 (2001).

We find further support in a case released shortly after oral arguments. In *Bronson Healthcare Group, Inc v Michigan Assigned Claims Plan*, ___ Mich App ___; ___ NW2d ___ (Docket No. 336088, issued March 8, 2018), this Court concluded that *Covenant* was controlling. While the *Bronson* appeal was pending, plaintiffs, the Michigan Assigned Claims Plan (MACP) and the Michigan Automobile Insurance Placement Facility (MAIPF), asked the Court to remand for entry of judgment in its favor in light of the recent *Covenant* decision. The provider argued that such action would be inappropriate because the issue was never raised or addressed in the lower courts. *Bronson*, slip op, p 2. This Court concluded that it had the power to exercise its discretion to review *Covenant* arguments not previously raised or addressed. It concluded:

> In this case, *Covenant* is clearly dispositive with regard to plaintiff's claims against defendants. Quite simply, as a healthcare provider, plaintiff has no independent statutory claim against defendants. *Covenant*, 500 Mich at 195, 895 NW2d 490; *W A Foote Mem Hosp*, 321 Mich App at 172-173. Under *Covenant*, defendants are entitled to summary disposition because plaintiff has no cause of action against defendants, and thus, plaintiff has failed to state a claim on which relief may be granted. See MCR 2.116(C)(8). [*Bronson*, slip op, p 2.]

The Court added that "a defense of 'failure to state a claim on which relief can be granted' cannot be waived." *Id*. However, this Court agreed that the provider should be given an opportunity to amend its pleadings:

> Alternatively, plaintiff argues that, if *Covenant* does apply to this case, plaintiff should be given the opportunity to amend its complaint to pursue benefits on an assigned claim theory because plaintiff can establish that the injured party treated by plaintiff assigned her claims to plaintiff. In this regard, we note that an

agreement to assign a "right to benefits payable in the future is void." MCL 500.3143. However, an injured person may assign "his or her right to past or presently due benefits to a healthcare provider." *Covenant Med Ctr, Inc*, 500 Mich at 217 n 40; 895 NW2d 490. In *Covenant*, the Court expressly recognized that a healthcare provider's inability to bring a direct cause of action did not alter the injured party's ability to assign past or presently due benefits. *Id.* Given this fact, we agree that, in the circumstances presented in this case, plaintiff should be given an opportunity to move the district court to amend its complaint. See *W A Foote Mem Hosp*, 321 Mich App at 196. [*Bronson*, slip op, p 3.]

Similarly, we remand this case for further proceedings. As Farm Bureau points out, there are "post-*Covenant* issues, such as non-assignment clauses, assignments of benefits payable in the future prohibited by MCL 500.3143, no relation back of supplemental pleadings, declaratory judgment, and real party in interest." Again, because Bronson had no statutory standing to bring the suit in the first instance and because we do not issue advisory opinions, the matter must be sent back to the lower courts.

Vacated and remanded to the district court for further proceedings. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly