# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON HEALTH CARE GROUP, INC., doing business as BRONSON METHODIST HOSPITAL,

        Plaintiff-Appellee,

v

FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN,

        Defendant,

and

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

        Defendant-Appellant.

UNPUBLISHED
March 27, 2018

No. 336221
Kalamazoo Circuit Court
LC No. 2015-000208-NF

---

BRONSON HEALTH CARE GROUP, INC.,

        Plaintiff-Appellee,

v

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

        Defendant-Appellant,

and

FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN,

        Defendant.

No. 336257
Kalamazoo Circuit Court
LC No. 2015-000514-NF

---

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

In these consolidated appeals, defendant-appellant Farm Bureau General Insurance Company of Michigan ("defendant" or "Farm Bureau"), appeals by right two circuit court orders in favor of plaintiff Bronson Health Care Group d/b/a Bronson Hospital ("plaintiff" or "Bronson). Those orders were entered by stipulation and permitted Farm Bureau to appeal from two earlier orders. In Docket No. 336221 ("The Courtney Case"), Farm Bureau challenges an order denying its motion for summary disposition and in Docket No. 336257 ("The Lamson Case"), Farm Bureau challenges an order denying its motion to compel discovery. Both cases involved a single legal question. MCL 500.3157 of Michigan no-fault law, MCL 500.3101 *et seq*, prohibits health care providers from charging patients insured under the no-fault act more than it would customarily charge in cases that do not involve insurance. Bronson enjoys tax exempt status as a charitable organization and, as such, is required to develop a Financial Assistance Program (FAP). Both cases involve the question of whether charges and payments accepted under Bronson's FAP are relevant to determining its "customary charges" for purposes of § 3157. We hold that *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017) and its progeny require us to vacate the circuit court's orders and remand for further proceedings.

## I. BASIC FACTS

### A. THE COURTNEY CASE

Ashley Courtney was insured under a no-fault policy issued by Farm Bureau. She sustained injuries in a motor vehicle accident on December 7, 2013. Bronson provided treatment and care for Courtney from May 2, 2014 through May 4, 2014 and its charges totaled $57,215.88. Farm Bureau paid only $23,731.54 of the charges. Bronson filed a complaint on May 18, 2015, seeking to recover the remaining $33,484.34 plus penalty interest and attorney fees.

On March 25, 2016, Farm Bureau filed a motion to compel discovery. Farm Bureau challenged Bronson's charges as being in excess of what was reasonable and customary in cases not involving insurance under MCL 500.3157. Under its FAP in cases involving catastrophic expenses where the patient was uninsured, Bronson advertised that its maximum charge was the average of its three lowest commercial rates for the same products and services. This formula was the result of Bronson's FAP that was federally mandated as a result of Bronson's status as a tax-exempt 501(c)(3) entity. Farm Bureau argued that, had Courtney not been insured, the customary charge to her would have been the average of Bronson's three lowest commercial rates. The trial court granted Farm Bureau's motion. Thereafter, Farm Bureau filed a motion for partial summary disposition, seeking a ruling that, if Courtney had been without insurance, Bronson's customary charge would not have exceeded the average of Bronson's three lowest negotiated commercial rates for the same products and services. Pointing to Bronson's employees' deposition testimony, Farm Bureau argued that Bronson used the term "charge" in at least two ways, referring to both "gross" and "net" charges. Farm Bureau maintained that the amount charged was what Bronson was willing to accept as payment in full, or the net charge. The trial court denied the motion for partial summary disposition, concluded that the customary charge did not constitute the amount paid or accepted, but rather the amount that was initially

charged. The trial court concluded that Bronson's FAP did not violate MCL 500.3157 and that issues of fact remained regarding what constituted Bronson's customary charge.

Thereafter, the parties stipulated to enter a judgment against defendant, with defendant preserving the right to appeal the trial court's order.

## B. THE LAMSON CASE

Luke Lamson, a minor, sustained injuries in a motor vehicle accident on December 7, 2014. Bronson treated Lamson from December 7, 2014 to December 16, 2015 and billed Farm Bureau, the no-fault provider, $803,718.74 of which defendant paid only $3,283.97. Bronson filed a complaint on November 5, 2015, seeking to recover the remaining $798,250.88, plus penalty interest and attorney fees.

As in the Courtney matter, Farm Bureau moved to compel Bronson to provide a responsive answer to Interrogatory 11 regarding the average of Bronson's three lowest commercial insurance rates for the same products and services provided to Lamson. Again, Farm Bureau argued that Bronson's policy violated MCL 500.3157 by treating those patients with no-fault insurance differently from those who were not insured and that discovery of this information was critical to the case.

A different judge concluded that the information was not discoverable. As in the Courtney matter, the parties entered into a stipulated judgment against defendant, preserving defendant's right to appeal the court's May 31, 2016 order.

## II. *COVENANT*

While this appeal was pending, our Supreme Court decided *Covenant*. That decision clarified that healthcare providers do not have an independent statutory cause of action against insurers to recover no-fault personal protection benefits. *Covenant*, 500 Mich 195-196, 217-218. *Covenant* was made retroactive for cases on direct appeal in *W A Foote Mem Hosp v Michigan Assigned Claims Plan*, 321 Mich App 159 (2017). Following oral argument, we asked the parties for additional briefing regarding the impact and application of *Covenant* and *W A Foote*.

In its brief, Farm Bureau writes that "[in] neither case did Farm Bureau plead the defense that Bronson lack [sic] standing to make a direct provider claim for no-fault benefits." Acknowledging that this Court has the authority to dismiss the appeal pursuant to MCR 7.216(7) because of *Covenant*, Farm Bureau nevertheless asks "what would be the purpose of such a ruling?" Especially when none of the many pending cases like these will simply "go away," which Farm Bureau describes as "a mere hiccup in the progression of provider suits." Be that as it may, this Court does not issue advisory opinions. See *People v Wilcox*, 183 Mich App 616, 620; 456 NW2d 421 (1990). The fact remains that under *Covenant* and its progeny, Bronson did not have a statutory right to bring these actions in the first place. "[A] determination that a plaintiff lacks statutory standing to assert a cause of action is essentially the equivalent of concluding that a plaintiff cannot bring *any* action in reaction to an alleged legal violation." *Miller v Allstate Ins Co*, 481 Mich 601, 609; 751 NW2d 463 (2008). "The principle of statutory standing is jurisdictional; if a party lacks statutory standing, then the court generally lacks jurisdiction to entertain the proceeding or reach the merits." *In re Beatrice Rottenberg Living*

*Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013), citing *Miller*, 481 Mich at 608–612; see also *Maki Estate v Coen*, 318 Mich App 532, 539 n 1; 899 NW2d 111 (2017) ("Statutory standing is a jurisdictional principle . . ."). This is similar or akin to subject-matter jurisdiction, and jurisdiction to hear and determine a case cannot be conferred by consent, waiver, or estoppel. *In re AMB*, 248 Mich App 144, 166; 640 NW2d 262 (2001).

We find further support in a case released shortly after oral arguments. In *Bronson Healthcare Group, Inc v Michigan Assigned Claims Plan*, ___ Mich App ___; ___ NW2d ___ (Docket No. 336088, issued March 8, 2018), this Court concluded that *Covenant* was controlling. While the *Bronson* appeal was pending, plaintiffs, the Michigan Assigned Claims Plan (MACP) and the Michigan Automobile Insurance Placement Facility (MAIPF), asked the Court to remand for entry of judgment in its favor in light of the recent *Covenant* decision. The provider argued that such action would be inappropriate because the issue was never raised or addressed in the lower courts. *Bronson*, slip op, p 2. This Court concluded that it had the power to exercise its discretion to review *Covenant* arguments not previously raised or addressed. It concluded:

> In this case, *Covenant* is clearly dispositive with regard to plaintiff's claims against defendants. Quite simply, as a healthcare provider, plaintiff has no independent statutory claim against defendants. *Covenant*, 500 Mich at 195, 895 NW2d 490; *W A Foote Mem Hosp*, 321 Mich App at 172-173. Under *Covenant*, defendants are entitled to summary disposition because plaintiff has no cause of action against defendants, and thus, plaintiff has failed to state a claim on which relief may be granted. See MCR 2.116(C)(8). [*Bronson*, slip op, p 2.]

The Court added that "a defense of 'failure to state a claim on which relief can be granted' cannot be waived." *Id*. However, this Court agreed that the provider should be given an opportunity to amend its pleadings:

> Alternatively, plaintiff argues that, if *Covenant* does apply to this case, plaintiff should be given the opportunity to amend its complaint to pursue benefits on an assigned claim theory because plaintiff can establish that the injured party treated by plaintiff assigned her claims to plaintiff. In this regard, we note that an agreement to assign a "right to benefits payable in the future is void." MCL 500.3143. However, an injured person may assign "his or her right to past or presently due benefits to a healthcare provider." *Covenant Med Ctr, Inc*, 500 Mich at 217 n 40; 895 NW2d 490. In *Covenant*, the Court expressly recognized that a healthcare provider's inability to bring a direct cause of action did not alter the injured party's ability to assign past or presently due benefits. *Id*. Given this fact, we agree that, in the circumstances presented in this case, plaintiff should be given an opportunity to move the district court to amend its complaint. See *W A Foote Mem Hosp*, 321 Mich App at 196. [*Bronson*, slip op, p 3.]

Similarly, we remand these cases for further proceedings. As Farm Bureau points out, there are "post-*Covenant* issues, such as non-assignment clauses, assignments of benefits payable in the future prohibited by MCL 500.3143, no relation back of supplemental pleadings, declaratory judgment, and real party in interest." Again, because Bronson had no statutory

standing to bring the suit in the first instance and because we do not issue advisory opinions, the matter must be returned to the lower court.

Vacated and remanded to the circuit court for further proceedings. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly